ERVIN ACCEPTANCE COMPANY v. CITY OF ANN ARBOR.

1. MUNICIPAL CORPORATIONS—REASONABLENESS OF ZONING ORDINANCE.

In determining the reasonableness of a zoning ordinance, each case must be determined upon its own facts.

2. SAME—ZONING ORDINANCE—PROPERTY VALUES.

A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

3. SAME—ZONING ORDINANCE—PROPERTY VALUES.

In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration.

4. SAME—ZONING ORDINANCE—RESIDENCE ZONE—ADAPTABILITY.

Finding of fact in suit to have city zoning ordinance declared void insofar as it affects lots owned by plaintiffs that certain interior portions thereof to which access to street was obtainable only through lots zoned for commercial purposes were not suitable or adaptable for any purposes designated as permissible in residence zone in which interior portions were zoned held, supported by evidence.

5. SAME—ZONING ORDINANCE—CONFISCATION OF PROPERTY VALUE.

Where much of the value of plaintiffs' property was destroyed by continuance of zoning ordinance restricting its use to named residential purposes by locating a portion of the interior property in residence zone and property fronting on street in commercial zone, such application is unreasonable, confiscatory and therefore illegal.

---

REFERENCES FOR POINTS IN HEADNOTES

[5] Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 19 A.L.R. 1395; 33 A.L.R. 287; 38 A.L.R. 1496; 43 A.L.R. 668; 54 A.L.R. 1030; 86 A.L.R. 659; 117 A.L.R. 1117.
Construction and application of provisions of zoning regulations respecting permissible use, where lot or parcel is divided by zone boundary lines. 159 A.L.R. 854.

6. COSTS—VALIDITY OF ZONING ORDINANCE.
   No costs are allowed in suit to determine validity of application
   of zoning ordinance to plaintiffs' property.

Appeal from Washtenaw; McDonald (Archie D.), J., presiding. Submitted June 16, 1948. (Docket No. 44, Calendar No. 44,028.) Decided October 4, 1948.

Bill by Ervin Acceptance Company, a Michigan corporation, and others against City of Ann Arbor and others to have zoning ordinance declared void. Decree for plaintiffs. Defendants appeal. Affirmed.

*Hooper & Blashfield,* for plaintiffs.

*William M. Laird,* for defendants.

SHARPE, J. This is a suit in chancery to have a zoning ordinance of the city of Ann Arbor decreed to be void insofar as it affects four lots owned by plaintiffs in the block known as Assessors Plat No. 8. The mentioned plat is bordered on the north by Ann street, on the west by Division street, on the east by State street, and on the south by Huron street.

Plaintiff Thomson purchased lots 20, 21 and 22 in September, 1930. Plaintiff Ervin Acceptance Company purchased lot 19 in March, 1945; and in June, 1945, purchased lot 20 and part of lot 21 from plaintiffs Thomson.

Lot 19 has a frontage on Huron street of 144.8 feet, its east side has a depth of 150.83 feet, its west side has a depth of 200.83 feet. Lot 20 joins lot 19 on the north. It has a width of 32 feet and a depth of 74.2 feet. It has no outlet to any street. Lot 21 is adjacent and north of lots 19 and 22. It has a length of 119.52 feet and runs parallel with

Huron street. It has a width of 24.2 feet and has no outlet on any street. Lot 22 has a frontage on Huron street of 185.48 feet. Its east side has a depth of 200.83 feet and its west side has a depth of 123.97 feet and then jogs east for a distance of 64.10 feet, then north 36.63 feet, then east 21.02 feet, then north 40 feet to the north boundary line of the lot.

In September, 1923, the city council of Ann Arbor adopted a zoning ordinance. Attached to and made a part of the zoning ordinance was a map which designated the districts or zones into which the various parts of the city were subdivided. When the zoning ordinance was adopted the southerly 132 feet of the entire block in which plaintiffs' lots are located, except the easterly 66 feet, was originally classified as "C" local business property. In 1928 the zoning ordinance was amended and as a result the classification of the south 132 feet of the block in question was changed from a "C" local business district to a "D" commercial district. Lots 20 and 21 as well as lots 19 and 22, except the south 132 feet thereof, are designated as a "B" residence district.

The ordinance restricts land designated as a "B" district to the following uses: 1. Single private dwelling; 2. multiple dwellings; 3. boarding and lodging houses, public dining rooms; 4. institutions of an educational, religious, philanthropic or eleemosynary nature, not including penal or correctional institutions, but including hospitals; 5. doctors' and dentists' offices; and 6. accessory buildings and uses customarily incident to any of the above uses when located on the same lot and not involving a retail business.

On November 21, 1945, a petition on behalf of plaintiff Ervin Acceptance Company and its tenants was filed with the city council of Ann Arbor requesting an amendment to its ordinance which would reclassify lots 19, 20 and the easterly 82.5 feet of lot

21 so that the entire premises would be designated as a "D" commercial district. The proposed amendment was not adopted by the city council.

Additional facts helpful to decision are as follows: Huron street is the route for US-23 through the city of Ann Arbor and is a heavily traveled street. Property fronting on Huron street in the block in question consists of a gasoline filling station, radio repair shop, A & P super market, parking lot with commercial garage in rear, restaurant, bowling alleys and other businesses. Property facing on Huron street is assessed at the rate of $125 to $150 per front foot, while the corresponding frontage of the residence property on Ann street is assessed at the rate of $18 per front foot. At the time the Ervin Acceptance Company purchased lot 20 and the easterly 82 feet of lot 21 there was no business being conducted on that property and it knew that the south 132 feet of lot 19 was classified as commercial property and the remainder of its property as residential. It also appears that plaintiffs' property classified as residence property is not the most desirable residential property owing to the fact that it would be 132 feet from Huron street with access only through commercial property from a heavily traveled street. It also appears that upon the failure of the city council to amend the ordinance in question plaintiffs began the instant suit.

The cause came on for trial and the court entered a decree holding the ordinance unreasonable insofar as it relates to plaintiffs' property. In an opinion filed it was said:

"A summary of the evidence discloses that the boundary line between the two districts is not a straight line through the block, but is actually a line which is 124 feet from Huron street on the west and for a distance of 64 feet; 132 feet from Huron street for a distance of 602 feet; and 150 feet from Huron

street for the remaining distance of 67 feet. 94 feet on the north of the 132 feet is of no practical value for the purposes designated, 'B' residence, is not accessible except over the south 132 feet, and the property in question at the time of the zoning was substantially the same as it is now, while the entire 132 feet has continued to become more and more a commercial district. Therefore a substantial part of plaintiffs' property has practically been made useless, as it cannot be used for commercial purposes, and could only be sold to some person with property abutting on Ann street at the rear, which would mean a sale dictated by the buyer."

The location of plaintiffs' property and of adjacent property is shown on a plat hereto attached.

The record sustains a finding of fact by the trial court that the premises in question have never been owned or used in connection with Ann street; that the zone boundary between the two districts ignores property lines; that since June 15, 1945, 37 per cent. of plaintiff Ervin Acceptance Company's property is within the residential area and 25 per cent. of plaintiff Thomsons' property is within the residential area; and that the residential property in question is not suitable or adaptable for residential purposes.

The legality of a zoning ordinance, when reasonable, has been long recognized by our courts. See *City of North Muskegon* v. *Miller,* 249 Mich. 52. In *Moreland* v. *Armstrong,* 297 Mich. 32, we said: "Each zoning case must be determined upon its own facts and circumstances." In *City of North Muskegon* v. *Miller, supra,* we held that a zoning ordinance that renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

In *City of Pleasant Ridge* v. *Cooper,* 267 Mich. 603, we quoted with approval from *Dowsey* v. *Village of Kensington,* 257 N. Y. 221 (177 N. E. 427, 86 A. L. R. 642), where the court said:

"Certainly an ordinance is unreasonable which restricts property upon the boundary of the village to a use for which the property is not adapted, and thereby destroys the greater part of its value in order that the beauty of the village as a whole may be enhanced. In such case the owner of the property cannot be required to ask as a special privilege for a variation of the restriction. The restriction itself constitutes an invasion of his property rights."

In *Reschke* v. *Village of Winnetka,* 363 Ill. 478, 486 (2 N. E. [2d] 718), it is said:

"In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration."

In the case at bar 25 per cent. of plaintiff Thomsons' premises and 37 per cent. of plaintiff Ervin Acceptance Company's premises is restricted to "B" residence district. Such district is restricted to the following uses:

"1. Any use permitted in the 'A' residence district.

"2. Multiple dwellings.

"3. Boarding and lodging houses, public dining rooms.

"4. Institutions of an educational, religious, philanthropic or eleemosynary nature, not including penal or correctional institutions, but including hospitals.

"5. Doctors' and dentists' offices.

"6. Accessory buildings and uses customarily incident to any of the above uses when located on the same lot and not involving a retail business."

It is hardly conceivable that anyone would want to erect any of the permissible buildings on the premises in question.   We are in accord with the finding of fact of the trial court that "the property in question is not suitable or adaptable for any of the purposes designated in class 'B' residence."   Much of the value of this property is destroyed by the continuance of the zoning ordinance in question.   The ordinance as applied to plaintiffs' property is unreasonable and confiscatory and therefore illegal. A decree will be entered accordingly.   No costs are allowed as the validity of an ordinance is involved.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.