## LONG v. CITY OF HIGHLAND PARK.

1. EQUITY—JURISDICTION—CONSTITUTIONALITY OF ZONING ORDINANCE —MUNICIPAL OFFICERS.

   Claim that equity had no jurisdiction to declare that zoning ordinance was unconstitutional as it relates to plaintiffs' property because plaintiffs had not exhausted their remedy under the provisions of the zoning ordinance by applying for a building permit, seeking relief from the board of zoning appeals, the zoning commission, and the common council of the city, was without merit as such authorities do not have the power to declare the ordinance unconstitutional and could not grant relief sought (Highland Park Zoning Ordinance).

2. OFFICERS—SCOPE OF AUTHORITY.

   The action of legal officers is binding only when they act within the scope of their authority and they may not declare a zoning ordinance void as applied to particular property.

3. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—COURTS.

   The reasonableness of the exercise of police power under a municipal zoning ordinance is always subject to judicial review.

---

REFERENCES FOR POINTS IN HEADNOTES
[3-13] 58 Am Jur, Zoning, §§ 18, 21, 22.
[3-13] Zoning: Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; 117 ALR 1117.

4. Same—Reasonableness of Zoning Ordinance.
   In determining the reasonableness of a zoning ordinance, each case must be determined upon its own facts.

5. Same—Zoning Ordinance—Confiscation.
   A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

6. Same—Zoning Ordinance—Diminution of Property Values.
   In determining whether the invasion of property rights under a purported police power is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration.

7. Same—Zoning Ordinance—Public Health, Safety and General Welfare.
   A court must consider whether the zoning of a parcel advances the public health, safety, and general welfare of the people in determining the validity of a municipal zoning ordinance as applied to a particular parcel of property.

8. Same—Zoning Ordinance—Diminution of Value—Covenants.
   Continuation of restriction to single-dwelling-house use of property by zoning ordinance *held,* to bear no reasonable relation to public health, safety or general welfare of the people, where avenue upon which property faced was a heavily-travelled main thoroughfare, predominantly devoted to non-residential uses, to result in diminution of value from about $40,000 to less than $5,000, and restriction to such residence use by way of covenant in deed has expired.

9. Same—Zoning Ordinance—Diminution of Value.
   While depreciation in value is not a definite yardstick by which to measure the reasonableness of a city zoning ordinance, the Supreme Court will give it consideration, especially when the ordinance destroys most of the value of the property involved.

10. Same—Zoning—Depression of Value—Eminent Domain.
    Use of zoning power as a means of depressing the value of property which the municipality contemplates taking under the power of eminent domain is such a maladministration of the power to zone property as to require the deprivation of the use of such power with respect to property so affected.

11. Same—Zoning Ordinances.
    The zoning ordinance of a city or village must give reasonable consideration to the character of the district, its peculiar suitability for particular uses, the conservation of property

values and the general trend and character of building and population development (CL 1948, § 125.581). ,.

12. Same—Police Power—Zoning Ordinance.

Legislators may not, under the guise of police power, impose restrictions by way of a zoning ordinance that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities.

13. Same—Zoning—Restrictions on Business Lots—Value.

Zoning ordinance was unreasonable and void, hence unconstitutional insofar as it applied to plaintiffs' property and restricted its use to single-family residences, churches, public buildings or comparable uses and proscribing its use for business purposes, where such limitation on use deprived the owners of about seven eighths of the value, other property on such street was predominantly used for commercial purposes, city was endeavoring to acquire the property for public uses and there was no showing that the public health, safety or general welfare will be served by such restrictions.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 6, 1950. (Docket No. 61, Calendar No. 44,850.)' Decided December 5, 1950. Rehearing denied January 8, 1951.

Bill by Irvin Long and another, successor trustees under the wills of Philip H. Gray and Paul R. Gray, deceased, and others against City of Highland Park to decree a zoning ordinance unconstitutional as it relates to plaintiffs' property. Decree for plaintiffs. Defendant appeals. Affirmed.

*Voorhies, Long, Ryan & McNair*, for plaintiffs.

*Earl B. Young*, City Attorney, *John N. Canavan*, Assistant City Attorney, and *Ellmann & Ellmann*, for defendant.

Boyles, C. J. Plaintiffs are owners of a certain lot located on the southeast corner of the intersection of Woodward and Colorado avenues in the city of

Highland Park, Wayne county. A zoning ordinance of said city classified said property in zone "R1," restricting its use to a 1-family dwelling, or a church, public building or comparable use, proscribing its use for business proposes. Plaintiffs filed this bill of complaint in the Wayne county circuit court in chancery for a decree declaring said ordinance unconstitutional and void as to its classification of plaintiffs' property in zone "R1," and to enjoin the city from attempting to enforce such restrictions. Plaintiffs had decree in the circuit court in conformity with the prayer of the bill and the defendant appeals. Two questions are urged for reversal.

1. Appellant claims that equity does not have jurisdiction where the plaintiffs had not exhausted their remedy under the provisions of the zoning ordinance by applying for a building permit, seeking relief from the board of zoning appeals, the zoning commission, and the common council of the city. There is no merit in the claim. Plaintiffs do not here seek, nor have they asked the city for a building permit, to erect a building for any particular use. The municipal authorities referred to do not have the power to declare the ordinance unconstitutional and void as applied to plaintiffs' property and they could not grant the relief here sought. An attempt by them to do so, which in effect would result in a violation of the ordinance, would have been ineffective.

"A zoning appeal board's grant of a variance in violation of zoning ordinance is ineffective and entitles affected property owners to injunctive relief.

"The action of legal officers is binding only when they act within the scope of their authority." *Jones v. DeVries* (syllabi), 326 Mich 126.

"The reasonableness of the exercise of police power under a municipal zoning ordinance is always subject to judicial review." *Senefsky v. City of Hunt-*

*ington Woods* (syllabus), 307 Mich 728 (149 ALR 1433).

2. Is the ordinance unreasonable and unconstitutional as applied to said property? It is a corner lot with 160 feet fronting on Woodward avenue at the Colorado street intersection. It was originally acquired in 1919 by John S. Gray's Sons, a Michigan corporation, plaintiffs' predecessor from whom plaintiffs obtained title. At that time it was burdened by restrictive covenants imposed by the subdividers, permitting only the erection of a single-dwelling house and the necessary outbuildings on said lot. That restriction by its terms expired January 1, 1947. The zoning ordinance, enacted in 1942, substantially continues the restriction, with certain additional permissible uses which do not control decision.

Woodward avenue is a main business thoroughfare running northerly from the Detroit river through Detroit and Highland Park. Through Highland Park it has heavy vehicular traffic of all types, much of it commercial, with attendant noise, confusion, and traffic complications. Property bordering Woodward avenue through Highland Park is predominantly devoted to nonresidential uses. The record shows that on the west side of Woodward avenue through Highland Park there is no structure being used for single-residence purposes. On the contrary, the properties on the west side of Woodward avenue across the street from plaintiffs' property in the next block north are in use for a used-car lot, automobile sales, cafeteria, cabinet shop, market, and other business. On the east side, on which side plaintiffs' property is located, on the frontage on Woodward avenue in the block immediately north of plaintiffs' property is the office bulding of the Automobile Club of Mich-

igan (AAA), classified by the ordinance as "RM" which permits use, among many others, for offices, hotels, rooming houses, private clubs, community garages, hospitals, et cetera. The block south of plaintiffs' property is occupied by a library building fronting on Woodward avenue. The next block south is a park, and the second block south is also classified in "RM" zone. The "R1" zoning restriction, in Highland Park, on the east side of Woodward avenue included only 5½ blocks, south of which the frontage on Woodward avenue is zoned for business purposes. Also, one half of the third block south of plaintiffs' property is zoned "RM," the same as in the block previously referred to, occupied by the "AAA." We find no evidence of any single residence being built or used, in the area restricted as "R1" in said 5½ blocks on the east side of Woodward avenue. The record shows that the streets in Highland Park mainly used for residence purposes run east and west, and that the properties in Highland Park on the streets east of Woodward avenue and east of plaintiffs' property are mainly used for residences. The 5½-block restricted area on Woodward has now been shortened to 4 blocks by the elimination of the northerly block and half of the southerly block. Plaintiffs' property, fronting 160 feet on Woodward avenue, is a vacant lot, in said 4-block area. The city owns frontage on Woodward adjacent to plaintiffs' property on the south. For some time the city or the Highland Park school board has been negotiating for the purchase of plaintiffs' property, offering a price representing only a small percentage of its value for business purposes. The testimony shows that plaintiffs' property is worth $40,000 for business use, but not to exceed $5,000 for residence purposes. The trial court considered its value for single-residence purposes to be $3,000. The record is plain that there is no

market for said property in Highland Park fronting on Woodward avenue still zoned as "R1" for use for residential purposes. Witnesses testified:

"In my opinion, property in Highland Park with frontage on Woodward avenue, is definitely not adaptable for use as a single residence."

"From the time that I have been acquainted with the character of Woodward avenue it has been essentially business in Highland Park and essentially business all the way from downtown Detroit practically out to Royal Oak, or into Royal Oak. A few scattered buildings are residential, but in the main it is our main business area. * * * As to the practicability or feasibility of using this lot for residential purposes, I think the feasibility is almost zero."

In *Ervin Acceptance Co.* v. *City of Ann Arbor,* 322 Mich 404, the Court held (syllabi):

"In determining the reasonableness of a zoning ordinance, each case must be determined upon its own facts.

"A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

"In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration."

In determining validity of a municipal zoning ordinance as applied to a particular parcel of property, the court must consider whether the zoning of such parcel advances the public health, safety, and general welfare of the people. It is plain that the continuation of the zoning restriction on plaintiffs' property to residence purposes, excluding business uses, bears no reasonable relation to public health,

safety, or general welfare of the people. See *Senefsky* v. *City of Huntington Woods, supra.*

"A zoning ordinance must be reasonable and its reasonableness becomes the test of its legality.

"In determining validity of township zoning ordinance as applied to particular parcel of property, the court must consider whether the zoning of such parcel advances the public health, safety, and general welfare of the people.

"Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case." *Pere Marquette Railway Co.* v. *Muskegon Township Board* (syllabi), 298 Mich 31.

"While depreciation in value is not a definite yardstick by which to measure the reasonableness of a township zoning ordinance, the Supreme Court will give it consideration, especially when the ordinance destroys most of the value of the property involved." *Ritenour* v. *Township of Dearborn* (syllabus), 326 Mich 242.

"Use of zoning power as a means of depressing the value of property which the municipality contemplates taking under the power of eminent domain is such a maladministration of the power to zone property as to require the deprivation of the use of such power with respect to property so affected.

"The zoning ordinance of a city or village must give reasonable consideration to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the general trend and character of building and population development (CL 1948, § 125.581).

"A municipal zoning ordinance is unreasonable which restricts property to a use for which the property is not adapted and thereby destroys the greater part of its value in order that the beauty of the municipality as a whole may be enhanced, since

such a restriction itself constitutes an invasion of property rights.

"Legislators may not, under the guise of police power, impose restrictions by way of a zoning ordinance, that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities." *Grand Trunk Western R. Co.* v. *City of Detroit* (syllabi), 326 Mich 387.

"City zoning ordinance restricting use of plaintiffs' property to residence uses *held,* unreasonable since such property is not suitable for residence purposes where it consists of five 20' x 100' lots located at the intersection of two main well-traveled highways, 2 of the 3 remaining corners are used for gasoline station purposes and third corner is owned by, but not used as, a church and no showing is made that the public health, safety and general welfare will be served by such restrictions and no contiguous property is in use for residences." *Hering* v. *City of Royal Oak* (syllabus), 326 Mich 232.

The trial court concluded that the ordinance is unreasonable and void as applied to plaintiffs' premises and that said property might be used for any of the purposes allowed by the ordinance under the classification B2, for business purposes. We concur. The decree is affirmed, with costs to appellees.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.