KORBY *v*. TOWNSHIP OF REDFORD.

1. TOWNSHIPS—ZONING ORDINANCE.

A township zoning ordinance is presumptively valid and the burden is on party attacking it to prove that it is invalid because arbitrary, unreasonable or confiscatory or that it bears no reasonable relationship to public health, safety, morals or the general welfare.

2. SAME — ZONING ORDINANCE — RESIDENCES — PRESUMPTIONS — EVIDENCE.

The presumption of validity of township zoning ordinance limiting use of plaintiffs' lots to single-family residences, churches and schools *held,* not overcome, where evidence shows that lots similarly situated on the same street and not far away are used for fine residential purposes, that frontage on such street is predominantly residential or undeveloped at present, that the subdivision on that side of the street is almost entirely built up with homes and it is not established that conditions in the area make plaintiffs' lots worthless for residential purposes as many lots in the area are so occupied and others are being developed for that purpose.

3. SAME—TEST OF LEGALITY OF ZONING ORDINANCE.

Each township zoning case must be determined upon its own facts, the test of its legality being dependent upon its reasonableness under those circumstances.

4. SAME—RESIDENCE ZONE—LOT LINES.

The fact that plaintiffs' property along 2-1/2 blocks on one side of a street was platted with 20-foot intervals for lot boundaries is not such a fact or circumstance that it affects or de-

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning §§ 223, 256.
[1, 2]  58 Am Jur, Zoning § 16.
[3, 4, 6]  58 Am Jur, Zoning § 21.
[5]  58 Am Jur, Zoning § 32.
[6]  58 Am Jur, Zoning § 22.

tracts from the reasonableness of township zoning ordinance confining the use of such lots to single-family residence, church or school purposes, as several lots may be combined and so used as others have done in the vicinity.

5. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—DISTINCTIONS BETWEEN LARGE AND SMALL PARCELS IN BUILDING AND USE RESTRICTIONS.

Municipal governing bodies, in adopting zoning ordinances, may make reasonable distinctions in the application of building and use restrictions between ownerships of small and large parcels.

6. TOWNSHIPS—ZONING ORDINANCE—RESIDENCE USE.

It was not unreasonable for township to restrict the use of plaintiffs' property to single-family residence, church or school use in zoning ordinance, where their property was all on one side of street and extended along 2-1/2 blocks in an area predominantly devoted to residential use or was undeveloped, notwithstanding the property had been platted into 34 lots 20 feet in width, since lots could be combined and serve the restricted purposes the same as others had done.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 16, 1957. (Docket No. 19, Calendar No. 46,946.) Decided April 22, 1957.

Bill by Samuel R. Korby and Sylvia V. Korby against the Township of Redford, a municipal corporation, to have zoning ordinance declared void as to their property. Decree for plaintiffs. Defendant appeals. Reversed and decree ordered dismissing bill.

*Arthur C. Lumley,* for plaintiffs.

*Kasoff & Young* (*Erwin B. Ellman,* of counsel), for defendant.

DETHMERS, C. J. Plaintiffs sought to enjoin enforcement, as against their property, of the provisions of defendant township's zoning ordinance

placing it in an R–1 zone restricted to use for single-family residences, churches, schools, et cetera, and to have the ordinance decreed invalid with respect thereto and the property zoned by decree for commercial or business use. From decree for plaintiffs granting the relief prayed, defendant appeals.

Plaintiffs own 34 lots, 100 feet in depth and each 20 feet wide, on the north side of Schoolcraft avenue, extending for a total distance of 2–1/2 blocks east from Seminole. Thirteen contiguous lots occupy the entire 260 foot frontage from Seminole east to Mercedes; 14 contiguous lots occupy the entire 280-foot frontage from Mercedes east to San Jose, and 7 contiguous lots the 140 feet immediately east of San Jose. There are no buildings on plaintiffs' lots. Across the street to the west is a store. There are a half-dozen houses across the street from plaintiffs' property, fronting on the south side of Schoolcraft. In the 1,600 feet east of plaintiffs' property there are 4 houses and 1 store on the north side and 3 houses on the south side of Schoolcraft and no other development. Further east there are many houses on both sides of the street. Frontage on Schoolcraft is predominantly residential or undeveloped. In the subdivision in which plaintiffs' lots are situated there are 200 lots, 90% of which are built up with houses. Plaintiff husband testified that he found it difficult or impossible to procure financing for the construction of homes on plaintiffs' lots. He also testified that there is heavy traffic on Schoolcraft and that a considerable portion of the nearby area is zoned R–1F on which it is permissible to maintain nurseries and gardening and to keep, within enclosures, fowl and rabbits for owners' use and consumption.

Testimony adduced for defendant was that Schoolcraft is a wide boulevard with divided lanes separated by a landscaped parkway and that it com-

prises one of the finest residential streets in the township; that many fine residences have been built along that street with many lots originally platted 20 feet in width having been combined to make larger lots for splendid homes; that new residential developments are being created in the immediate area. An expert planning engineer testified that plaintiffs' property would not be enhanced in value by removal of the R–1 restrictions because commercialization of the frontage by that means would be likely to result only in scattered business development which would adversely affect the value of the neighboring residential areas, including plaintiffs' lots, and that they would have a greater value for residential than for commercial purposes.

The ordinance is presumptively reasonable and valid and the burden is on plaintiffs to prove that it is arbitrary, unreasonable or confiscatory, or bears no reasonable relationship to public health, safety, morals or the general welfare and is, therefore, invalid. *Austin* v. *Older,* 283 Mich 667; *Cady* v. *City of Detroit,* 289 Mich 499; *Fass* v. *City of Highland Park,* 321 Mich 156; *Northwood Properties Company* v. *Royal Oak City Inspector,* 325 Mich 419; *Stadle* v. *Township of Battle Creek,* 346 Mich 64. We think that it must be held, under all the proofs in this case, that the presumption of validity was not overcome. It is evident that lots on Schoolcraft, similarly situated and not far removed from those of plaintiffs, are used for fine residential purposes, that the frontage on that street is predominantly residential or undeveloped at present, and that the subdivision on the north side of the street is almost entirely built up with homes. It is not established that conditions in the area make plaintiffs' lots worthless for residential purposes inasmuch as many of the lots in the area are so occupied and others are being developed for that purpose.

Accordingly, it cannot be said that the ordinance restrictions on plaintiffs' lots are, for reasons inhering in the neighborhood and conditions there existing, unreasonable, arbitrary or confiscatory.

One question remains. Is the R–1 classification unreasonable with respect to plaintiffs' lots because they are platted 20 feet in width? Plaintiffs so contend, relying on *Ritenour* v. *Township of Dearborn,* 326 Mich 242; and *Robyns* v. *City of Dearborn,* 341 Mich 495. In *Robyns* each of the 8 plaintiffs owned but 1 lot 20 feet in width, except for 1, who owned a lot 24.44 feet wide. We held that under the authority of *Ritenour* the zoning classification and restrictions were unreasonable as applied to the individual lots of the several plaintiffs because use of them for residential purposes, in compliance with ordinance requirements, was a physical impossibility. That is what we had held in *Ritenour* with respect to the 20-foot lots there involved. In that case there was, however, the additional factor that of the 5 lots owned by the plaintiffs, husband and wife, only 1 was separate and the other 4 were contiguous, with a combined total width of 80 feet. In touching on the question whether that fact and the possibility of combining the 4 lots, already under 1 ownership, for building purposes should serve to make the ordinance any more reasonable as applied to that case, this Court said with respect thereto (pp 249, 251):

"In that connection, the reasonableness of the ordinance must be judged by its application to the particular circumstances of the case. The test of its legality depends upon its reasonableness under those circumstances. *   *   *

" 'In determining the reasonableness of a zoning ordinance, each case must be determined upon its own facts.' *Moreland* v. *Armstrong* (syllabus), 297 Mich 32.

" 'Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case.' *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich 31, 36."

Having so expressed itself, this Court neglected to squarely decide the question thus presented and, instead, in an opinion which this writer declined to sign, held that the lots were not suitable for residence purposes for other reasons. We do not think the case is authority for the proposition that plaintiffs' property, extensive enough in width to accommodate several residences built in conformity with the ordinance, may escape the classification and restrictions imposed by the ordinance on the ground of unreasonableness merely because the property happens to have been platted with lines at 20-foot intervals for lot boundaries. That is not a fact or circumstance which affects or detracts from the reasonableness of the classification. If it were held to be so, the result would be that it would be competent for landowners to perpetually defeat future zoning restrictions by crisscrossing their lands on a plat map with lines ostensibly dividing the same into parcels so small that each would be unsuited to any foreseeable use unless combined with others. The test of reasonableness may not be distorted or thwarted by any such artificial device. Interestingly enough, we note that the ordinance expressly excepts any small R–1 lot from the building area restrictions generally applicable when they could not feasibly be observed, unless, at the time of the ordinance's adoption, such small lot adjoins land of the "same owner available for use in connection with said lot." Municipal governing bodies, in adopting zoning ordinances, and courts, in enforcing them, may make reasonable distinctions, in the application of building and use restrictions, between ownerships of small and large parcels. The differ-

ence in the 2 situations may have a definite bearing, as is evident here, on the reasonableness of the ordinance building and use restrictions.

Decree below reversed. Decree may enter here dismissing plaintiffs' bill of complaint, with costs to defendant.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.