## NORTHWOOD PROPERTIES COMPANY *v.* ROYAL OAK CITY INSPECTOR.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—CLASSIFICATION —EVIDENCE.

Where defendant municipal authorities show that site of proposed multiple residence is in area restricted and zoned for single residences and has been developed as one of the choicest and nicest residential areas in the city, that there are no violations of zoning ordinance or restrictions, plaintiff failed to establish by competent evidence that the ordinance's classification was unreasonable or bore no relation to public health, safety or the general welfare, despite the fact that in proceedings taken at time of adoption of the ordinance it is not shown consideration was given to the public health, safety, public morals or public welfare and some city officials indicated that in certain respects, but not necessarily. in all, public health and safety would be as adequately served in a multiple dwelling as in a single residence area.

2. SAME—ZONING ORDINANCES—IMPROVEMENT OF RESIDENTIAL DISTRICTS.

The improvement of residential districts by the exclusion, under a municipal zoning ordinance, of nonconforming businesses has a reasonable relationship to the public health, welfare and safety.

3. SAME—ZONING ORDINANCES—BURDEN OF SHOWING LACK OF RELATION.

The party attacking the classification under a municipal zoning ordinance as bearing no relation to the public health, welfare

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 58 Am Jur, Zoning, § 55 *et seq.*
[1, 2, 5, 8] Zoning: Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; and 117 ALR 1117.
[3, 4] 58 Am Jur, Zoning, §§ 16, 21.
[6] 14 Am Jur, Courts, § 202.
[8] 58 Am Jur, Zoning, §§ 176, 177.

and safety has the burden of showing the lack of the relationship.

4. SAME—ZONING ORDINANCES—PRESUMPTION OF VALIDITY—CONSTITUTIONAL LAW.

   While a municipal zoning ordinance must stand the test of reasonableness, the presumption is in favor of its validity and courts may not invalidate an ordinance unless the constitutional objections thereto are supported by competent evidence or appear on its face.

5. SAME—ZONING ORDINANCES.

   Invalidity of a municipal zoning ordinance does not appear on the face thereof merely from its classification of certain property for use for single residences only.

6. CONSTITUTIONAL LAW—COURTS—LEGISLATIVE BODIES.

   While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another.

7. SAME—COURTS—LEGISLATIVE BODIES—AMENDMENT OF ZONING ORDINANCE.

   It is not within the province of a court to compel the legislative officers of a municipal corporation to amend a zoning ordinance.

8. SAME—MUNICIPAL CORPORATIONS—ZONING ORDINANCES—AMENDMENT—THREE-FOURTHS MAJORITY—PROTESTS OF PROPERTY OWNERS—DELEGATION OF LEGISLATIVE POWER.

   The legislature, in conferring ordinance-making powers upon municipal legislative bodies, may require three-fourths majority vote of such body as a prerequisite to adoption of amendments to zoning ordinances where owners of 20 per cent. or more of affected property protest the adoption, and such action does not constitute a delegation of legislative power to private individuals (CL 1948, § 125.584).

Appeal from Oakland; Brennan (Leo J.), J., presiding. Submitted June 7, 1949. (Calendar No. 44,320.) Decided September 8, 1949.

Petition by Northwood Properties Company, a Michigan corporation, for a writ of mandamus to compel Owen C. Perkins, city inspector of the City

of Royal Oak and others to issue a building permit for erection of multiple dwellings on certain property. Writ granted. Defendants appeal. Reversed and writ quashed.

*H. Eugene Field,* for plaintiff.

*Glenn C. Gillespie* and *William C. Hudson,* for defendants.

DETHMERS, J. Defendants appeal from a judgment ordering issuance of a peremptory writ of mandamus directing the defendant city inspector to issue plaintiff a building permit for erection of multiple dwellings on certain property owned by plaintiff in the city of Royal Oak and directing the defendant city, mayor and city commissioners to amend the city's zoning ordinance by changing said property from a residence "A" classification, in which single residences only are permitted, to a residence "B" classification, permitting erection of multiple dwellings thereon.

The trial court's action was predicated on a finding that the provisions of the ordinance classifying plaintiff's property bear no relation to public health, safety or general welfare, are unreasonable and therefore deprive plaintiff of property without due process of law in violation of the 14th amendment to the Constitution of the United States and Michigan Constitution 1908, art 2, § 16, citing *Senefsky* v. *City of Huntington Woods,* 307 Mich 728 (149 ALR 1433), and *City of Pleasant Ridge* v. *Cooper,* 267 Mich, 603. The court appears to have been moved largely by consideration of the fact that it did not appear in the proceedings of the city commission in connection with the adoption of the ordinance that "any discussion or consideration was given to the public health, safety, public morals or public welfare," further that

defendants did not prove any relation between those "factors" and the said "classification," and finally that the testimony of certain city officials indicated that in certain respects, but not necessarily in all, public health and safety would be as adequately served in a multiple dwelling as in a single residence area.

Testimony for the defense established that the property in question fronts on Vinsetta Boulevard, one of the best streets in Royal Oak, wide and divided by a beautiful, well-kept parkway, and that the area is one of the choicest and nicest residential districts in the city; that lots in the area are all restricted to single residences; that no violations of the zoning ordinances or restrictions have occurred and that all dwellings built in the area are single residences. In our view plaintiff did not establish by competent evidence that the ordinance's classification of plaintiff's property is unreasonable or bears no relation to public health, safety or the general welfare.

In the court's opinion in *Village of Euclid* v. *Ambler Realty Co.,* 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016), involving the validity of provisions of a city zoning ordinance excluding apartment houses from residential districts, may be found a cataloguing and consideration of the respects in which such ordinance provisions bear a relationship to public health, safety, morals or general welfare. Citing that case as authority, this Court in *Austin* v. *Older,* 283 Mich 667, said:

"The improvement of residential districts by the exclusion of nonconforming businesses has a reasonable relationship to the public health, welfare and safety."

The burden was not on the defendants to establish the relationship, but upon the plaintiff to show the

lack of it. *Austin* v. *Older, supra;. People* v. *Scrafano,* 307 Mich 655; *Fass* v. *City of Highland Park,* 321 Mich 156. This burden plaintiff did not sustain. While the ordinance must stand the test of reasonableness, the presumption is in favor of its validity and courts may not invalidate ordinances unless the constitutional objections thereto are supported by competent evidence or appear on their face. *Portage Township* v. *Full Salvation Union,* 318 Mich 693. Invalidity does not appear on the face of the ordinance merely from its classification of certain property for use. for single residences only, nor are the constitutional objections thereto or claims of unreasonableness supported by evidence in the case. The trial court was, therefore, in error in requiring issuance of the building permit.

.In *City of Pleasant Ridge* v. *Cooper, supra,* we held unreasonable and confiscatory a classification of property as residential when the record disclosed that the area was unsuited for that purpose. Such is not the case before us. No more in point is the *Senefsky Case, supra,* in which we held a zoning ordinance which "prohibits the erection of houses having less than 1,300 square feet of usable floor area" possibly reasonable "under proper circumstances" but not so "under the circumstances disclosed by this record" because the testimony affirmatively established that houses of lesser floor area equally met the requirements of public health, safety and welfare in the community and under the circumstances then and there before the court.

While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor .undertake to compel legislative bodies to do so one way or another. *Attorney General, ex rel. Graves,* v. *Mayor and Common Council of City of Adrian,* 164 Mich 143; *School District of City of Pontiac* v. *City of Pontiac,* 262

Mich 338; *City of Jackson* v. *Commissioner of Revenue,* 316 Mich 694. The court erred in seeking to compel the defendant mayor and city commission members to amend the ordinance.

Plaintiff contends that PA 1921, No 207, § 4, as amended (CL 1948, § 125.584 [Stat Ann 1949 Rev § 5.2934]), under authority of which the ordinance was adopted, is unconstitutional as constituting an unlawful delegation of legislative power and authority because it provides that amendments to the ordinance, if protested by owners of 20 per cent. or more of frontage of certain affected property, shall become effective only upon three-fourths vote of the municipal legislative body. Authorities cited by plaintiff relate to ordinances which provide that the right to use property for certain purposes shall depend upon the consent of individual neighboring property owners. Such cases have no bearing on the question of the power of the legislature, in conferring ordinance-making powers upon municipal legislative bodies, to require a three-fourths vote of such legislative body as a prerequisite to adoption of amendments to ordinances under certain circumstances. We believe such action well within the powers of the legislature and that it does not constitute a delegation of legislative power to private individuals. See, in this connection, discussion in *People* v. *Collins,* 3 Mich 343, *McCall* v. *Calhoun Circuit Judge,* 146 Mich 319, and cases therein cited.

Judgment reversed and writ quashed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.