HITCHMAN v. TOWNSHIP OF OAKLAND.

1. TOWNSHIPS—ZONING—STATUTES—AUTHORITY CONFERRED.
   Enabling act authorizing townships to adopt zoning ordinances
   clearly intended to permit townships to adopt reasonable reg-
   ulations designed to insure the proper use of land and natural
   resources and to encourage such use by suitable restrictions
   but it did not justify arbitrary action or the unreasonable
   exercise of authority conferred (CL 1948, § 125.271 *et seq.*).

2. SAME—ZONING ORDINANCE—REASONABLENESS.
   A township zoning ordinance must be reasonable in its opera-
   tion and its reasonableness is the test of its legality.

3. SAME—ZONING ORDINANCE—PRESUMPTIONS.
   The presumption is in favor of the validity of a township zon-
   ing ordinance.

4. STATUTES—CONSTITUTIONALITY—EVIDENCE.
   A statute or ordinance may not be held invalid unless the ob-
   jections urged on constitutional grounds appear on the face

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning, § 8.
[1-3, 6-9] Validity, construction, and application of statutes, and
   regulations adopted thereunder, regarding county planning or
   zoning, or planning or zoning in territory outside municipal limits.
   131 ALR 1055.
[2, 6] 58 Am Jur, Zoning, § 21.
[2, 3, 6-9] Zoning: Creation by statute or ordinance of restricted
   residence districts within municipality from which business
   buildings or multiple residences are excluded.   19 ALR 1395;
   33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR
   659; 117 ALR 1117.
[3] 58 Am Jur, Zoning, § 16.
[4] 11 Am Jur, Constitutional Law, § 132.
[5] 2 Am Jur, Appeal and Error, § 2; 3 Am Jur, Appeal and Error,
   § 815.
[6] 58 Am Jur, Zoning, §§ 52, 53.
[6] Validity of zoning regulations which prescribe minimum di-
   mensions or floor area of buildings.   149 ALR 1440.
[7] 58 Am Jur, Zoning, §§ 18, 26.
[8] 58 Am Jur, Zoning, § 22.
[9] 58 Am Jur, Zoning, § 30.

of the measure in question, or are established by competent proof.

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—FINDINGS OF TRIAL JUDGE—WEIGHT OF EVIDENCE—TOWNSHIP ZONING ORDINANCE—INJUNCTION.

A suit to enjoin enforcement of a township zoning ordinance, being an equity case, is heard *de novo* by the Supreme Court which gives due consideration to the findings of the trial judge, but must weigh the evidence and reach an independent conclusion.

6. TOWNSHIPS—ZONING ORDINANCE—INJUNCTION—EVIDENCE.

Evidence presented in property owners' suit to enjoin enforcement of township zoning ordinance as to them *held*, to have sustained their burden of proof that as applied to their property the zoning ordinance was unreasonable, where it provided that residences to be erected thereon must have 800 square feet of first floor area, per family and, 10,000 cubic foot content, that the lots must be at least 3 acres in extent and have a frontage of at least 264 feet on a highway, notwithstanding testimony to the effect that such restrictions in a sparsely settled township would tend to prevent the arising of problems incident to urban conditions, reduction of fire hazard and danger from water pollution and the desire to preserve the rural nature of the neighborhood, where there was testimony that substantially lower minimum standards properly protected the health and social welfare of the township.

7. SAME—ZONING ORDINANCE—PUBLIC WELFARE.

In determining validity of township zoning ordinance as applied to particular parcel of property, the court must consider whether the zoning of such parcel advances the public health, safety, and general welfare of the people.

8. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—DETERMINATION OF REASONABLENESS.

Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case.

9. TOWNSHIPS—ZONING ORDINANCE—AESTHETICS.

Aesthetics may be an incident but cannot be the moving factor in determining the validity of a township zoning ordinance.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 4, 1950. (Docket No. 20, Calendar No. 44,848.) Decided January 8, 1951.

Bill by Thomas Hitchman and others against Township of Oakland and another to restrain enforcement of zoning ordinance. Bill dismissed after hearing: Plaintiffs appeal. Reversed.

*Daniel Hodgman,* for plaintiffs.

*Frederick B. Darden,* for defendants.

CARR, J. Plaintiffs brought this suit in equity to enjoin the enforcement of certain provisions of the zoning ordinance of the defendant township. Said ordinance was adopted in 1946 in accordance with the provisions of PA 1943, No 184 (CL 1948, § 125.271 *et seq.* [Stat Ann 1949 Rev § 5.2963(1) *et seq.*]). The general purpose of the enabling act appears from its title, which reads as follows:

"AN ACT to provide for the establishment in the unincorporated portions of organized townships of zoning districts within which the proper use of land and natural resources may be encouraged or regulated by ordinance, and within which districts provisions may also be adopted designating the location of, the size of, the uses that may be made of, the minimum open spaces, sanitary, safety and protective measures that shall be required for, and the maximum number of families that may be housed in dwellings, buildings and structures, including tents and trailer coaches, that may hereafter be erected or altered; to provide for a method for the adoption of ordinances and amendments thereto; to provide for emergency interim ordinances; to provide for the administering of ordinances adopted; to provide for conflicts with other acts, ordinances or regulations; to provide penalties for violations; to provide

for the assessment, levy and collection of taxes; to provide for the collection of fees for building permits; to provide for petitions, public hearings and referenda; to provide for appeals; and to provide for the repeal of acts in conflict herewith."

The record discloses that in 1946 there were no incorporated cities or villages in the township. The ordinance created 5 zones, zone 1 comprising the entire area of the township with the exception of approximately 350 acres consisting of lands located in zones 2 to 5 inclusive. Prior to 1946 plaintiffs became the owners of 180 acres of land, located in zone 1. Plaintiffs claimed on the trial of the case that the property was acquired by them for the purpose of subdividing it and disposing of it in parcels suitable for residences. The ordinance provides that no dwelling having less than 800 square feet of floor area per family at the first floor level, or less than 10,000 cubic feet of content, shall be erected in said zone or moved upon a lot therein, and also forbids placing a dwelling upon a parcel of land containing less than 3 acres and having a frontage of less than 264 feet on a highway.

In their bill of complaint plaintiffs alleged that the provisions referred to were arbitrary and unreasonable, that if enforced they would prevent the use of plaintiffs' property for the purposes for which it is adapted, that enforcement would result in depreciating the value of plaintiffs' property and depriving them thereof without due process of law, that said restrictions bore no reasonable relation to the protection of the public welfare, safety or morals, and that for the reasons stated they were unconstitutional and void. Defendants by their answer admitted the adoption of the ordinance but denied its invalidity, asserting it to be a proper exercise of police power under the township rural zoning act, above cited. Following a trial of the case in the

circuit court a decree was entered dismissing the bill of complaint on the ground that the plaintiffs had not by their proofs established that the challenged provisions of the ordinance were void for the reasons, or any of them, asserted in the bill of complaint. From such decree plaintiffs have appealed.

Plaintiffs contend that the act of the legislature under which the township proceeded in adopting the zoning ordinance may not be construed as authorizing the inclusion of provisions with reference to the size of lots on which residences may be erected. We think the argument is based on an interpretation of the language of the statute that is not consistent with the purpose sought to be accomplished by it. The legislature clearly intended to permit townships to adopt reasonable regulations designed to insure the proper use of land and natural resources and to encourage such use by suitable restrictions.

Under the act, arbitrary action or the unreasonable exercise of authority may not be justified. A zoning ordinance must be reasonable in its operation. This is the test of its legality. *City of North Muskegon* v. *Miller,* 249 Mich 52, 57; *Moreland* v. *Armstrong,* 297 Mich 32, 36. Every case of this character must be determined on its own facts. *Senefsky* v. *City of Huntington Woods,* 307 Mich 728, 737 (149 ALR 1433). The presumption is in favor of validity. A statute or ordinance may not be held invalid unless the objections urged on constitutional grounds appear on the face of the measure in question, or are established by competent proof. *Portage Township* v. *Full Salvation Union,* 318 Mich 693; *Northwood Properties Company* v. *Royal Oak City Inspector,* 325 Mich 419.

This brings us to a consideration of the proofs submitted by the parties before the trial court. This being an equity case we hear it *de novo. Bankers Trust Company* v. *Bradfield,* 324 Mich 116. While

we give due consideration to the findings of the trial judge, nonetheless it is our duty to weigh the evidence and reach an independent conclusion. *Hawthorne* v. *Dunn,* 210 Mich 176, 179. The specific question before us in the case at bar is whether the evidence fairly substantiates the claims of the plaintiffs that the ordinance provisions, enforcement of which they seek to enjoin, are arbitrary and unreasonable as applied to their property.

In support of their claims plaintiffs produced witnesses who testified in substance that the proper protection of health and social welfare within defendant township does not require residences complying with the ordinance as to floor area or cubic content, that lots substantially less in size than 3 acres, and with a highway frontage much less than 264 feet, are suitable for dwelling houses and necessary appurtenances, and that the value of plaintiffs' property would be reduced by more than 50 per cent. if such provisions were enforced. Without quoting specific testimony it may be said that plaintiffs' witnesses, who were experienced in the preparation and marketing of subdivisions, claimed that materially smaller residences and lots than as prescribed for zone 1 by the ordinance in question would be ample to satisfy proper requirements as to health, sanitation, and livability in general. References were made in the testimony to the fact that under Federal housing administration regulations the minimum lot recommended for home purposes is 60′ x 120′ and that a minimum of 360 square feet for a house is permitted, but that most of the so-called "G.I." homes that are being built in accordance with such regulations are approximately 24′ x 28′.

The proofs also show that the other zones created by the ordinance comprise small isolated parcels, and that restrictions were imposed with reference to the conditions existing therein at the time the ordinance

was adopted. In such zones the prescribed requirements differ materially from those applicable to zone 1. In zone 2 the minimum requirements as to size of lot are not less than 10,000 square feet in area and 75 feet in width. In zone 3 the minimum requirement of area at the first floor level is 600 square feet, with a minimum lot area of 7,500 square feet, and a width of not less than 60 feet. In zone 4 a residence having 400 square feet of floor area at the first floor level and not less than 8,000 cubic feet of content, on a lot not less than 7,500 square feet in area nor less than 60 feet in width, may be constructed. Zone 5 embraces commercial structures. The supervisor of the township gave testimony indicating that most of the houses in the township did not have 800 square feet of area on the ground floor. He further expressed the opinion that the main reason for the enactment of the ordinance was to preserve the rural nature of the neighborhood.

Defendants offered the testimony of 2 witnesses who were experienced as consultants in community planning and zoning. Each testified in substance that he would not consider the building and lot requirements imposed by the ordinance in zone 1 to be unreasonable under the circumstances existing in Oakland township. The proofs indicate that such township is at present sparsely settled and that its total population, according to the last official census, preceding the trial was slightly less than 1,200. Defendants' witnesses thought it desirable to maintain the rural character of the community, to provide for comfortable and attractive homes, and to prevent the arising of problems incident to urban conditions. The opinion was further expressed that the greater the distance between buildings the less the hazard from fire, and likewise as to the danger of water pollution from improper sanitary installations.

It may be conceded that the putting into effect of the plan apparently contemplated by the framers of this ordinance would result in zone 1 of the township being desirable for the construction and maintenance of residences by people of the requisite financial ability. The desire to establish such a residential neighborhood for aesthetic reasons is not a sufficient answer to the claim of the plaintiffs ᵗʰᵃt it imposes arbitrary and unreasonable restrictions on the use of their property and that it tends to destroy, in part, the value thereof. Neither does the testimony of defendants' witnesses, sincere as they are in their opinions, refute the proofs offered by plaintiffs tending to establish that residences of less size, constructed on smaller lots, than prescribed by the ordinance, are not a menace to the public health, safety or welfare, or to the well-being of the occupants. On the basis of the proofs in this record it must be said that the plaintiffs have sustained the burden resting on them, and have shown that residences and lots smaller than the ordinance minimums are consonant with health, safety, and well-being of the occupants and the public generally, and that in consequence the ordinance requirements are, as applied to plaintiffs and their property, unreasonable.

In *Senefsky* v. *City of Huntington Woods, supra,* the plaintiff sought to compel the superintendent of public works of the defendant municipality to issue a building permit which had been denied because plaintiff's building did not comply with ordinance requirements. There a minimum of 1,300 square feet of usable floor area was prescribed. This Court sustained the claim of the plaintiff that the requirement, as applied to his property, was unreasonable, and granted the relief sought. In so holding the Court quoted with approval from the syllabi in *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich 31, as follows:

"In determining validity of township zoning ordinance as applied to particular parcel of property, the court must consider whether the zoning of such parcel advances the public health, safety, and general welfare of the people.

"Each zoning case, as a rule, stands by itself and its reasonableness must be judged by the circumstances in each particular case."

Further discussing the situation, it was said:

"It is not necessary for decision herein and we do not hold that under proper circumstances a municipality may not exercise its delegated police power in the manner herein attempted by defendants. Instead the extent of our holding herein is that under the circumstances of the instant case the enforcement against the plaintiff of the provision in the amended ordinance fixing the minimum amount of floor area is unreasonable. In other words, under the circumstances disclosed by this record lot owners in the Bronx subdivision ought not to be deprived of utilizing their properties in the manner undertaken by plaintiff for the reason that property rights should not be divested under the authority of a municipality's police power, unless by so doing the public health, safety or welfare would be subserved. That requisite is not met in the instant case."

The Court also quoted from *Wolverine Sign Works* v. *City of Bloomfield Hills,* 279 Mich 205, 208, where it was said:

"Aesthetics may be an incident but cannot be the moving factor."

The holding in the *Senefsky Case, supra,* was followed in *Frischkorn Construction Co.* v. *Redford Township Building Inspector,* 315 Mich 556, which was also a mandamus action to compel the issuance of building permits. The ordinance involved required a minimum content of 14,000 cubic feet, and the defendant refused the permits because plaintiff's

proposed residences indicated a content of 12,657 cubic feet each. Affirming the decision of the trial court it was held that the ordinance requirement, as applied to plaintiff's property, was unreasonable, and that he was entitled to the issuance of the writ. A like conclusion was reached in *Elizabeth Lake Estates* v. *Township of Waterford,* 317 Mich 359. There injunctive relief against the enforcement of certain portions of a zoning ordinance was sought. Affirming the decision of the trial court it was held that the ordinance requirements in question, as to the size of residential buildings, did not tend to promote "public sanitation, health, safety and general welfare."

The decision of the United States supreme court in *Village of Euclid* v. *Ambler Realty Company,* 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016), is frequently cited on the point in issue here. It was there said:

"The ordinance now under review, and all similar laws and regulations, must find their justification in some aspect of the police power, asserted for the public welfare. The line which in this field separates the legitimate from the illegitimate assumption of power is not capable of precise delimitation. It varies with circumstances and conditions. A regulatory zoning ordinance, which would be clearly valid as applied to the great cities, might be clearly invalid as applied to rural communities."

The court held that the ordinance before it was not void in its entirety, but did not pass on the legality of specific provisions. It was recognized that some of such provisions might have been open to the objection that they were clearly arbitrary and unreasonable, but the injunction sought against attempted enforcement of the ordinance as a whole was denied. The language quoted above suggests the view of the court with reference to the principles to

be applied in determining an issue of the character presented in the case at bar.

In the recent decision of the superior court of New Jersey in *Lionshead Lake, Inc.,* v. *Wayne Twp.,* 8 NJ Super 468 (73 A2d 287), it was held that a requirement in a zoning ordinance that a 1-story dwelling should have a floor area of not less than 758 square feet was invalid. In reaching such conclusion it was said, in part:

"Thus while our legislature has unquestionably given municipalities the right to pass ordinances 'to regulate and restrict the height, number of stories, and sizes of buildings,' such ordinances to be valid must be designed to promote public health, safety, and general welfare. RS 40:55–30, NJSA. The mere power to enact an ordinance such as the one here involved does not carry with it the right arbitrarily or capriciously to deprive a person of the legitimate use of his property. *Brookdale Homes, Inc.,* v. *Johnson,* 123 NJ Law 602 (10 A 2d 477), affirmed, 126 NJ Law 516 (19 A2d 868)."

Under the facts established by the proofs in the instant case, and the pertinent legal principles applicable thereto, as recognized in the prior decisions of this Court, above cited, we conclude that the plaintiffs are entitled to the relief sought by them. A decree will enter in this Court in accordance herewith, reversing the decree from which the appeal has been taken. Plaintiffs may have costs of both courts.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.