HAMMOND v. BLOOMFIELD HILLS BUILDING INSPECTOR..

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—POLICE POWER.
   Municipal zoning ordinances are constitutional in principle as
   · a valid exercise of police power.

2. SAME—ZONING ORDINANCES MUST BE REASONABLE.
   A municipal zoning ordinance must be reasonable and its
   reasonableness is the test of its legality.

3. SAME—ZONING ORDINANCES PRESUMED CONSTITUTIONAL.
   Municipal zoning ordinances are presumed to be constitutional..

4. SAME—ZONING ORDINANCE—BURDEN OF SHOWING UNCONSTITU-
   TIONALITY.
   One assailing the constitutionality of a municipal zoning ordi-
   nance has the burden of showing that it has no real sub-
   stantial relation to public health, morals, safety or general
   welfare.

5. SAME—ZONING ORDINANCE—UNCONSTITUTIONALITY—EVIDENCE.
   A municipal zoning ordinance may not be held invalid unless
   the objections to its constitutionality are supported by com-
   petent evidence or appear on the face of the enactment in.
   question.

6. SAME—ZONING ORDINANCE—SINGLE-RESIDENCE CLASSIFICATION.
   A municipal zoning ordinance is not prima facie invalid merely
   because certain property is classified for single residence
   use only.

7. SAME—ZONING ORDINANCE—MAMMOTH SINGLE RESIDENCE.
   Municipal zoning ordinance restricting use of 90% of total
   area of the city to single residence use is not unreasonable

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 18.
[1-7] Zoning: Creation by statute or ordinance of restricted resi-
dence districts from which business buildings or multiple resi-
dences are excluded. 19 ALR 1395; 33 ALR 287; 38 ALR
1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659.
[3-5] 58 Am Jur, Zoning § 16.
[6, 7] 58 Am Jur, Zoning §§ 55-58.·

or unconstitutional as applied to 5-acre tract in the center thereof upon which is located a 3-story, 27-room house containing approximately 200,000 cubic feet which plaintiffs seek to convert into a 4-family dwelling unit, although the market for a single residence of such size is admittedly limited (City of Bloomfield Hills Ordinance No 49).

Appeal from Oakland; Doty (Frank L.), J. Submitted September 11, 1951. (Calendar No. 44,988.) Decided December 3, 1951.

Mandamus by John B. Hammond and others against Elmer Kephart, acting Building Inspector of City of Bloomfield Hills, and others to compel issuance of certificate of compliance. Elizabeth Graham and others intervene as parties defendant. Writ denied. Plaintiffs appeal. Affirmed.

*William E. Dowling* and *Glenn C. Hague,* for plaintiffs.

*Howlett & Hartman,* for defendants.

*Dahlberg, Simon, Jayne, Woolfenden & Gawne,* for intervening defendants.

BUSHNELL, J. Plaintiffs John B., Frederick M., and Elizabeth Kean Hammond are the owners of lot 40 (a 5-acre lot) of Hillwood Estates No 1, a subdivision of part of the northeast ¼ of section 14, T 2 N, R 10 E, city of Bloomfield Hills, Oakland county, Michigan. A 3-story house, having upwards of 27 rooms, including 16 bedrooms, is located at about the center of this lot. This house contains approximately 200,000 cubic feet. It was built by plaintiffs' father in 1923 on 83.6 acres of land.

Plaintiffs purchased the property from the father's estate, after his death in 1940, for $62,352.93. Subsequent improvements in connection with opening

roads and subdividing the property cost $14,527.05. The 83.6 acres were platted in 2 subdivisions, both being restricted to single residential dwelling purposes. Practically all of the lots have been sold at substantial prices.

The city of Bloomfield Hills was incorporated as a home-rule city on August 11, 1932. Prior thereto it had been a home-rule village. In 1931, the village adopted a zoning ordinance which, after some amendments, became ordinance No 49 of the city. Under this ordinance the property in question is classified in "single" dwelling district "A". That district constitutes approximately 90% of the total area of the city. Under the terms of the ordinance the board of zoning appeals was permitted to vary or modify any of the restrictions "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of this ordinance," provided, however, that such modification is "in harmony with their general purpose and intent, so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done." A subsequent section provides that it is unlawful to change or enlarge the use of any building or premises or any part thereof until a "certificate of compliance" shall have been issued by the building inspector.

Plaintiffs sought such a certificate for the purpose of converting the house into a 4-family dwelling unit. This was refused by the building inspector. An appeal was taken to the board of appeals on the grounds that the house is of such proportion that it is no longer suitable and cannot be used for a single residence, or for any practical use permitted by the present dwelling district "A" classification; that the restriction imposed by the zoning ordinance results in an unnecessary hardship; that petitioners' original request meets the full requirements of the plan to promote public health, safety and general welfare,

and that such use would not be harmful to the surrounding property but would be in compliance with the spirit of the ordinance.

The board of appeals voted unanimously to uphold the action of the building inspector, and plaintiffs then sought a writ of mandamus from the circuit court. A number of property owners were granted leave to intervene as defendants. The trial judge denied plaintiffs' petition.

There is some showing in the record that attempts have been made to use the property in conformity with the terms of the zoning ordinance, and that it appears impossible to obtain a tenant because of the cost of maintenance, the heating cost and taxes alone amounting to about $3,000 per year. The property has been listed for sale since 1943 with a number of real estate agents, but no offers have been received. Plaintiffs claim that a nearby railroad and a hunt club lessen the desirability of this property for single residence purposes.

Defendants offered testimony which tends to show that the city of Bloomfield Hills constitutes an exclusive residential area within which are many well-known institutions, such as the Cranbrook Foundation and Institution, Christ Church, "probably the outstanding piece of church architecture in the United States," and St. Hugo of the Hills, a Catholic Church of "substantial size and beauty." Twenty-six of the 225 houses in the city, which has a population of 1,433, have a cubical content of over 100,000 feet, and are used as single-family residences. One large house with a cubical content of 110,600 feet has been altered by removing 42 feet from its center in order to make the property more usable and still comply with the ordinance.

As indicated in the opinion filed by the trial judge, the case involves the interpretation, construction and validity of the zoning ordinance. Incidental to a

determination of this question we note that when the plaintiffs purchased the property from the estate of their father, they did so, as stated by the trial judge, "subject to and with knowledge of the existing single-family residential zoning regulation." Plaintiffs did even more; they took every advantage of this situation by platting and subdividing the original 83.6 acres and sold lots burdened with a restriction, which they imposed, confining their use to single-family residences. Plaintiffs now question a situation which they helped to create, or at least of which they took full advantage.

The questions for decision, however, are whether the zoning classification is reasonable as applied to plaintiffs' property, and whether the trial court was in error in denying plaintiffs' petition for mandamus.

The law is well settled that zoning ordinances are constitutional in principle as a valid exercise of the police power. *Austin* v. *Older*, 283 Mich 667; *Village of Euclid* v. *Ambler Realty Co.*, 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016). It is also settled law that a zoning ordinance must be reasonable and that its reasonableness becomes the test of its legality. *Moreland* v. *Armstrong*, 297 Mich 32; and *Hitchman* v. *Township of Oakland*, 329 Mich 331.

Each zoning case must be determined upon its own facts and circumstances. *Senefsky* v. *City of Huntington Woods*, 307 Mich 728 (149 ALR 1433); and *Hitchman* v. *Township of Oakland, supra.* There is nevertheless a presumption in favor of the constitutionality of zoning regulations, and plaintiffs must sustain the burden of showing that such regulations have no real substantial relation to public health, morals, safety, or general welfare. *Fass* v. *City of Highland Park*, 321 Mich 156; *Northwood Properties Co.* v. *Royal Oak City Inspector*, 325 Mich 419; and *Hitchman* v. *Township of Oakland,*

*supra.* Furthermore, such an ordinance may not be held invalid unless the constitutional objections urged against it are supported by competent evidence or appear on the face of the enactment in question. *Portage Township* v. *Full Salvation Union,* 318 Mich 693, and *Northwood Properties Co.* v. *Royal Oak City Inspector, supra.* Such invalidity does not appear on the face of an ordinance merely because of a classification of certain property for use for single residences only. *Northwood Properties Co.* v. *Royal Oak City Inspector, supra.* The ordinance here in question is valid on its face.

The situation presented by this record is not one in which the property is unfit for residential use, because it is located on the boundary of a residential area, adjacent to properties devoted to commercial or other uses. See *City of Pleasant Ridge* v. *Cooper,* 267 Mich 603; *Pringle* v. *Shevnock,* 309 Mich 179, 191; *Ervin Acceptance Co.* v. *City of Ann Arbor,* 322 Mich 404; and *Long* v. *City of Highland Park,* 329 Mich 146. See, also, 86 ALR 642 *et seq.* For authorities having to do with properties located within a use district, but where the nature of the land and surrounding development and construction are such that the property could not be used for residences, see *City of North Muskegon* v. *Miller,* 249 Mich 52, and *Grand Trunk Western R. Co.* v. *City of Detroit,* 326 Mich 387.

In the case here under consideration, plaintiffs' land is located in the center of a high-grade residential district, and both their land and that surrounding are particularly adapted to residential purposes. The situation here is somewhat analogous to that in *Austin* v. *Older, supra,* and *Northwood Properties Co.* v. *Royal Oak City Inspector, supra,* where mandamus was denied.

In both the *Ervin* and *Grand Trunk Cases, supra,* this Court said:

"A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal."

Such is not the situation in the instant case. Although it must be admitted that the market for houses of this sort and the demand therefor are very limited, it does not follow that the property in question cannot be used for single-residential purposes. The testimony is to the contrary and indicates that there are a number of other large homes in the neighborhod being used in conformity with the ordinance.

In the light of the facts in this case, the ordinance, as applied to the present situation, is not unreasonable.

The trial judge properly denied plaintiffs' petition for mandamus. The order of the trial court is affirmed, with costs to appellees.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.