## KERSHESKE v. TOWNSHIP OF THOMAS.

1. TOWNSHIPS—ZONING ORDINANCES—ESSENTIAL SERVICES—GARBAGE SERVICE.

*Essential services* permitted as authorized and regulated by law and other ordinances of the township, as term is used in township zoning ordinance wherein it was declared to be the intention to except *essential services* from the provisions of the ordinance, is construed as an exemption of essential municipal services which the township might operate and does not except privately operated garbage collection and disposal service conducted by plaintiffs (Thomas Township Zoning Ordinance, § 6.13).

2. SAME—PRESUMPTIONS—BURDEN OF PROVING ARBITRARINESS.

A township zoning ordinance is presumed to be valid, and the party attacking it has the burden of proving affirmatively that the ordinance is an arbitrary and unreasonable restriction upon his use of his property.

3. SAME—ZONING—AGRICULTURAL USES—SANITARY LANDFILL.

Township ordinance zoning for agricultural uses area including land plaintiffs sought to use for sanitary landfill operation *held*, not an arbitrary or unreasonable zoning.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TOWNSHIP ZONING ORDINANCE—VALIDITY OF ARREST.

Whether appellant was entitled to damages, attorney fees, and costs for an illegal arrest is not determined in action he had brought to enjoin enforcement of township zoning ordinance

---

* Continued from Volume 1, Mich App.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 66.
[2, 3] 58 Am Jur, Zoning § 68.
[4] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*

under which complaint and warrant were issued and which action is still pending, since any action taken by the Court of Appeals in such matter would be premature.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 October 5, 1965, at Grand Rapids. (Docket No. 309.) Decided December 20, 1965.

Complaint by Chester A. Kersheske and Wilson Garbage Co., Inc., a Michigan corporation, against Township of Thomas, a municipal corporation, Thomas W. McDonald, and Robert H. Schoen to enjoin enforcement of zoning ordinance and prosecution thereunder. Counterclaim to enjoin plaintiff from using premises for landfill operation. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Martin & Martin* (*Walter Martin,* of counsel), for plaintiffs.

*Bruce H. Mellinger,* for defendants Township of Thomas and Robert H. Schoen.

*O'Keefe, Braun, Kendrick & Finkbeiner* (*James V. Finkbeiner,* of counsel), for defendant McDonald.

BURNS, P. J. Plaintiffs instituted suit to enjoin the defendant township from enforcing its zoning ordinance and preventing the plaintiffs from utilizing land for a sanitary landfill. Plaintiff Kersheske also seeks damages for illegal arrest, attorney fees, and costs.

Defendants filed counterclaims to enjoin plaintiffs from operating a landfill on the premises.

Kersheske has been operating a garbage collection and disposal business in Saginaw since May, 1946, when he purchased the Wilson Garbage Company.

Plaintiffs hauled the refuse to a private dumping site in James township, until informed by the owner that he could no longer accommodate them as his site was filling up and he needed the area for himself.

On August 20, 1963, plaintiff Wilson Garbage Company, Inc., through its president, C. A. Kersheske, entered into an agreement to purchase an undivided 1/2 interest to approximately 90 acres of land located in section 33, Thomas township, Saginaw county, Michigan.

The entire parcel and the surrounding area are zoned agricultural. The permitted uses of this land as set forth in the Thomas township rural zoning ordinance are as follows:

"Sec. 3.1. Uses. All land zoned as agricultural may be put to the following uses:

"A. Principal uses and buildings.

"1. Agricultural and gardening, including all types of farming, gardening and truck gardening. Roadside stands, portable, may be permitted for the retail sale of farm products of the owner or tenant.

"2. Dwellings.

"3. Churches and missions, schools, parochial schools, auditoriums, municipal uses, social uses, privately owned and operated parks, picnic groves, golf courses or similar facilities for outdoor recreation and exercise, railroads, and hospitals are permitted in agricultural districts."

On August 22, 1963, Kersheske inquired by letter of the township board if he could conduct a landfill operation at the site. He was informed by letter dated September 9, 1963, that a landfill operation was not a permitted use, and was prohibited.

On September 16, 1963, plaintiffs started to dispose of garbage at the site, in violation of the ordinance.

Criminal warrants were issued and Kersheske was arrested on September 17, 1963. He was arraigned and stood mute; pleas of not guilty were entered for both defendants, plaintiffs herein, and Kersheske was released on his own recognizance. Before the criminal case came to trial the plaintiffs instituted this suit to enjoin the defendants from enforcing the zoning ordinance.

The trial judge granted the defendants a permanent injunction enjoining the plaintiffs from conducting a sanitary landfill on the property.

It is the claim of the plaintiffs that the collection and disposal of refuse is an essential service and thereby excepted from the provisions of the ordinance. Section 6.13 of the ordinance provides:

"Essential services shall be permitted as authorized and regulated by law and other ordinances of the township, it being the intention hereof to except essential services from the provisions of this ordinance."

The appellants have not cited any cases in support of this position. A more reasonable construction of said section is advanced by the appellees, to the effect that said section was meant to exempt the township from being subject to its own zoning ordinance with respect to essential municipal services which it might operate.

Next, the appellants claim that they are deprived of their State and Federal constitutional rights through judicial construction of the township zoning ordinance. The Michigan Supreme Court stated in *Brae Burn, Inc.* v. *City of Bloomfield Hills* (1957), 350 Mich 425, 432:

"The ordinance comes to us clothed with every presumption of validity, *Hammond* v. *B. H. Building Inspector* (1951), 331 Mich 551, and it is the burden of the party attacking to prove affirmatively

that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property."

The land in question is in the country and zoned agricultural. The appellants did not convince the trial court, nor have they convinced this Court, that said zoning was arbitrary or unreasonable.

Finally, the appellant Kersheske claims that he is entitled to damages, attorney fees, and costs for an illegal arrest. The appellant was arrested on a complaint and warrant. Said action is still pending in the justice court of Thomas township. Any action taken by this Court at this time would be premature.

Judgment of the trial court is affirmed. Costs to appellees.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.