### FRANKLIN VILLAGE SQUARE CORPORATION *v.* VILLAGE OF FRANKLIN

1. ZONING—MUNICIPAL CORPORATIONS—SINGLE USE—VALIDITY.

    A zoning plan must permit more than one use to comply with the enabling act of the city or village zoning statute and a plan permitting only single residential use is invalid on its face (MCLA § 125.581).

2. ZONING—MUNICIPAL CORPORATIONS—MULTIPLE USES—VALIDITY.

    A municipal zoning plan permitting single residential and commercial uses is valid because it complies with the enabling act of the city zoning statute (MCLA § 125.581 *et seq.*).

3. ZONING—MUNICIPAL CORPORATIONS—RESTRICTED USES—REASONABLENESS.

    A court order directing defendant municipality to issue plaintiff-corporation a multiple-residential use building permit was improper where the trial judge, without considering whether defendant's single-residential use restriction was reasonable as applied to plaintiff's land, accepted plaintiff's contention that defendant's zoning plan violated the enabling act of the city-village zoning statute because only one kind of residential use, plus a commercial use, was allowed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Zoning § 27.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 November 6, 1969, at Lansing. (Docket No. 6,251.) Decided December 9, 1969.

Complaint by Franklin Village Square Corporation, a Michigan corporation, against the Village of Franklin, a municipal corporation, for the issuance of a building permit. Judgment for plaintiff. Defendant appeals. Reversed and remanded with instructions.

*Hartman, Beier, Howlett, Howlett & McConnell,* for defendant.

Before: J. H. Gillis, P. J., and McGregor and V. J. Brennan, JJ.

V. J. Brennan, J. The zoning plan for the village of Franklin allows for two, but only two, land uses—single-residential and commercial. Plaintiff landowner applied for the rezoning of its 3.18 acres to multiple-residential use, but the village denied its application. The plaintiff then commenced the present action to compel the issuance of a building permit, contending that the zoning restriction is unreasonable as applied to its land and that the zoning plan does not comply with the enabling act* since the plan allows for only one kind of residential use. The trial court accepted the latter contention without considering the former and issued a writ of superintending control directing the issuance of a permit. The village of Franklin appeals.

The trial court based its ruling on its reading of *Gundersen* v. *Village of Bingham Farms* (1964),

_____
* MCLA § 125.581 (Stat Ann 1969 Rev § 5.2931).

372 Mich 352. In *Gundersen,* the Supreme Court struck down a zoning ordinance restricting the entire community of Bingham Farms to a single-residential use. However, the ordinance was held to be invalid not because of some supposed, predetermined requirement that a plan permitting single-residential use also permits multiple-residential use, but because the enabling act, as construed by the Court, does not authorize zoning plans that restrict the entire community to one use. Since a zoning plan must permit more than one use to comply with the enabling act, a plan permitting only single-residential use is invalid on its face. The Franklin plan, on the other hand, permits a use other than single-residential, namely, a commercial use, and therefore cannot be faulted under *Gundersen.*

Reversed and remanded for further proceedings to determine whether the zoning restriction is unreasonable as applied to the plaintiff's land. See *Hammond* v. *Bloomfield Hills Building Inspector* (1951), 331 Mich 551.

All concurred.