582 So.2d 790 (1991)
ORLANDO/ORANGE COUNTY EXPRESSWAY AUTHORITY, Appellant,
v.
W & F AGRIGROWTH-FERNFIELD, LTD., Appellee.
No. 90-2379.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
*791 John A. Leklem of Sparks, Cooper and Leklem, P.A., Orlando, for appellant.
S. Cary Gaylord and Alan E. DeSerio of Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Tampa, for appellee.
DIAMANTIS, Judge.
Appellant Orlando/Orange County Expressway Authority (Authority) appeals the order granting summary judgment in favor of appellee W & F Agrigrowth-Fernfield, Ltd. (Agrigrowth) in an inverse condemnation action.[1] The trial court held that the Authority, for the period of time that it placed of record a reservation map, temporarily took Agrigrowth's property and that a jury trial shall be conducted to determine the full compensation to be paid Agrigrowth for the taking. We affirm.
On January 20, 1988 the Authority filed and recorded a "map of reservation" pursuant to section 337.241(1) of the Florida Statutes (1987). The map encompassed a substantial portion of vacant property owned by Agrigrowth. As a result of the Authority's action, Agrigrowth filed an inverse condemnation suit.
Agrigrowth claimed that the effect of section 337.241(2)(a) is to deny a landowner the right to construct or develop anything on the property for as long as ten years; that the purpose of the statute is to allow the acquisition of property at a cost substantially reduced or depressed by the prohibition of any use; that as a result of the filing of the map a contract to purchase Agrigrowth's land was terminated, thus destroying Agrigrowth's investment-backed expectations; that the filing of the map constituted a taking; and that the filing of the map denied Agrigrowth all beneficial use of the property.
While this action was pending, the Florida Supreme Court rendered its decision in Joint Ventures, Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990), which declared sections 337.241(2) and (3), Florida Statutes (1987) to be unconstitutional. Consequently, the Authority, on July 19, 1990, filed its notice of withdrawal of the right-of-way reservation map. Agrigrowth moved for summary judgment arguing that the taking issue had already been resolved by the Joint Ventures decision, requesting an order to that effect, *792 and requesting a jury trial on the amount of compensation to be paid.
The trial court granted the motion for summary judgment finding no genuine issue of material fact existed that would dispute the occurrence of a temporary taking of that portion of Agrigrowth's property which was affected by the map of reservation from January 20, 1988 until July 19, 1990. The order granting summary judgment also indicated that a jury trial would be held on the amount of compensation to be paid to Agrigrowth. This appeal followed.
A regulation effects a taking if it does not substantially advance a legitimate state interest or if the regulation denies an owner economically viable use of his land. Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). It is axiomatic that the constitutions of the United States and the state of Florida require that just and full compensation be paid in the event of a taking. U.S. Const. amend. V; Art. X, § 6(a), Fla. Const.
We hold that when a governmental entity, by use of a recorded reservation map, attempts to "land bank" private property in a thinly veiled attempt to acquire such property by avoiding constitutionally and legislatively mandated procedural and substantive protections, and in the process freezes property and depresses land values in anticipation of eminent domain proceedings, such action constitutes a taking of property and an inverse condemnation action will lie. Joint Ventures; Hernando County v. Budget Inns of Florida, Inc., 555 So.2d 1319 (Fla. 5th DCA 1990). See also First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987); Agins v. City of Tiburon, supra. The recording of a reservation map does not advance a legitimate state interest; it only advances an improper government purpose of taking private property without paying just and full compensation which violates clear constitutional mandates.
We further hold that in the instant case it is not necessary to establish a temporary taking by showing a loss in the market value of the property. The Florida Supreme Court, in Joint Ventures, held that the statutory provisions which authorized the Authority to record its reservation map are unconstitutional in that they permit a governmental body to impose a development moratorium on private property without providing compensation to the owner. Thus, in order to establish a taking Agrigrowth need only show that the Authority's action in recording the reservation map invaded some property right of Agrigrowth. The recorded reservation map clearly imposed a development moratorium on the land, freezing Agrigrowth's property and effectively preventing Agrigrowth from selling or developing its land. While no proof of loss in market value is necessary to establish a taking, loss of value is relevant to the issue of the amount of full compensation to be paid to Agrigrowth.
Accordingly, we affirm the trial court's order granting summary judgment on the issue of the Authority's liability for the temporary taking of Agrigrowth's property and directing a jury trial on the matter of full compensation.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Appellate review is authorized by rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure.