PETERSON, Judge.
The Orlando/Orange County Expressway Authority appeals an order of taking, contending that the trial court erred in determining that a taking occurred because the appellee landowner failed to show damages prior to the entry of the order. We affirm.
The property involved in this taking is used as an improved shopping center, and the owner alleged that the filing of a map of reservation pursuant to subsections 337.-241(2) and (3), Florida Statutes (1987),[1] which indicated the potential loss of frontage on a busy thoroughfare, caused the loss of prospective and current tenants. The allegations are similar to those in Orlando/Orange County Expressway Authority v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5th DCA 1991), where the reservation map imposed a moratorium effectively preventing the sale and development of the owner’s land. The opinion indicated that “in order to establish a taking ... [the landowner] need only show that the authority’s action in recording the reservation map invaded some property right of ... [the landowner].” Id. at 792. Whether any damages flowed from the taking in the instant case, thus entitling compensation to be awarded to the landowner, is to be determined by a jury.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.

. The Florida Supreme Court declared these sections unconstitutional in Joint Ventures, Inc. v. Department of Transportation, 563 So.2d 622 (Fla.1990).