612 So.2d 709 (1993)
PALM BEACH COUNTY, Appellant,
v.
William WRIGHT, Richard Elliott, Thomas J. Kamide, Herbert G. Elliott, and Edward L. Connop, Appellees.
No. 92-1912.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
*710 Robert P. Banks, Asst. County Atty., West Palm Beach, for appellant.
William P. Doney of Vance & Doney, P.A., West Palm Beach, for appellees.
FARMER, Judge.
We affirm the trial court's invalidation of Palm Beach County's thoroughfare map on the basis of Joint Ventures Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990) (statutory moratorium on development of property in transportation corridor during pre-acquisition planning effected taking of all use of property without just compensation and is therefore invalid); Orlando/Orange County Expressway Authority v. Orange North Associates, 590 So.2d 1099 (Fla. 5th DCA 1991) (same; fact of taking sufficiently established on motion for summary judgment even though landowner had not thereby proved any damages); and Orlando/Orange County Expressway Authority v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5th DCA) (attempt by governmental action to "landbank" private property in anticipation of future acquisition that avoids constitutional/statutory, substantive and procedural protections, and having effect of freezing or depressing land value, effects taking of property requiring just compensation), rev. denied, 591 So.2d 183 (Fla. 1991). The County has failed to show how its thoroughfare map is functionally distinguishable from the reservation map in Joint Ventures, especially as its own comprehensive plan requires that any development in the area of the thoroughfare map be consistent with and provide for future rights-of-way. Recognizing, however, that our decision passes on a question of great public importance, we certify the following question to the Florida Supreme Court for resolution:
IS A COUNTY THOROUGHFARE MAP DESIGNATING CORRIDORS FOR FUTURE ROADWAYS, AND WHICH FORBIDS LAND USE ACTIVITY THAT WOULD IMPEDE FUTURE CONSTRUCTION OF A ROADWAY, ADOPTED INCIDENT TO A COMPREHENSIVE COUNTY LAND USE PLAN ENACTED UNDER THE LOCAL GOVERNMENT COMPREHENSIVE PLANNING AND LAND DEVELOPMENT REGULATION ACT, FACIALLY UNCONSTITUTIONAL UNDER Joint Ventures Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990)?
ANSTEAD, J., concurs specially with opinion.
STONE, J., concurring in part and dissenting in part.
ANSTEAD, Judge, concurring specially.
I agree that the trial court acted correctly in invalidating the county ordinance in question on the authority of Joint Ventures, Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990). The trial court's judgment completely and succinctly describes the effect of the county ordinance on the property in question:
B) Plaintiff(s) are the owner(s) of six (6) separate parcels or (sic) land located in unincorporated Palm Beach County. Each of Plaintiff(s)'s properties are on the north side of and abut Southern Boulevard (State Road 80).
C) The Thoroughfare Map was adopted by Defendant as part of its 1989 Comprehensive Plan by Ordinance No. 89-17. The Thoroughfare Map defines certain protected transportation corridors along specified roadways throughout Palm Beach County, as well as in other certain locations where Defendant intends to construct or extend new roadways in the future. The Thoroughfare Map protects a corridor two hundred twenty (220) feet in width along Southern Boulevard. Pursuant to Defendant's Comprehensive Plan, since Southern Boulevard is bounded on the south by a physical barrier (C-51 Canal), the protected corridor is measured northward from the existing south right-of-way line of Southern Boulevard.
D) Defendant's traffic circulation element of its Comprehensive Plan provides that the "County shall provide for protection and acquisition of existing and future right-of-way consistent with the adopted Thoroughfare Right-of-Way Protection *711 Map." The traffic circulation element continues by providing that the "Map is designed to protect identified transportation corridors from encroachment by other land use activities." The Thoroughfare Map applies to all land development activities within unincorporated Palm Beach County. Land development activities are defined as including, but not limited to, residential, commercial, institutional or industrial purposes. All development is required to be consistent with and provide for the transportation right-of-way shown on the Thoroughfare Map.
E) The land use element of Defendant's 1989 Comprehensive Plan provides that no land use activity may be permitted within any roadway designated on the Thoroughfare Map that would impede future construction of the roadway. The land use element further provides that all development approvals and actions by Defendant must be consistent with the provisions contained in the Comprehensive Plan.
F) The 1989 Comprehensive Plan provisions, as the same apply to the Thoroughfare Map, are substantially the same as the Thoroughfare Map provisions and restrictions contained in Defendant's 1980 Comprehensive Plan (as adopted by Ordinance No. 80-8).
Base on the foregoing, it is thereupon ORDERED AND ADJUDGED as follows:
1. Plaintiff(s)' Motion for Summary Judgment is GRANTED, and the Court finds that the Palm Beach County Thoroughfare Right-of-Way Protection Map, as adopted and implemented by the land use element and traffic circulation element of the Palm Beach County Comprehensive Plan, is facially unconstitutional in violation of the Fifth Amendment to the United States Constitution and Article X, Section 6, of the Florida Constitution.
2. Defendant's Motion for Partial Summary Judgment is DENIED.
3. This case is legally and factually indistinguishable from the Joint Ventures, Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990); Orlando/Orange County Expressway Authority v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5 DCA 1991); and Orlando/Orange County Expressway Authority v. Orange North Associates, 590 So.2d 1099 (Fla. 5 DCA 1991) decisions.
4. The Thoroughfare Map, as adopted and implemented by the land use element and traffic circulation element of the Palm Beach County Comprehensive Plan, constitutes a temporary taking of that portion of Plaintiff(s)' properties which were affected during the period of time the Thoroughfare Map has been in full force and effect.
5. The Thoroughfare Map, as adopted and implemented by the land use element and traffic circulation element of the Palm Beach County Comprehensive Plan, does not substantially advance a legitimate State interest. Rather, the adoption and implementation of the Thoroughfare Map by Palm Beach County results in the imposition of a development moratorium. Similar attempts to "landbank" private property in an attempt to reduce the cost of acquisitions in the event the State later decides to condemn the property have been consistently prohibited. See Joint Ventures, Inc., supra.

6. The Thoroughfare Map, as adopted and implemented by the land use element and traffic circulation element of the Palm Beach County Comprehensive Plan, unlawfully invades the property rights of the landowners subject thereto. Agrigrowth, supra. The Thoroughfare Map, as implemented, prohibits development on private property, thereby depressing land values in anticipation of ultimate eminent domain proceedings. The Thoroughfare Map, as implemented, further unlawfully interferes with a landowner's ability to market and sell property because of the effect of the Map on any proposed or projected development of the property.
7. Defendant's mere intention to widen or extend roadways and condemn property *712 therefor in the indefinite future may not operate to prevent a landowner from using his property for a lawful purpose. Division of Administration, State of Florida Department of Transportation v. Frenchman's, Inc., 476 So.2d 224 (Fla. 4 DCA 1985).
8. The Thoroughfare Map, as adopted and implemented by the land use element and traffic circulation element of the Palm Beach County Comprehensive Plan, is not a valid police power regulation in fulfillment of Defendant's planning function for future growth. To permit Defendant to freeze development on privately owned land in anticipation of ultimate eminent domain proceedings is inconsistent with the doctrine that the cost of community benefits should be distributed impartially among members of the community. Joint Ventures, Inc., supra.

While arguably the county ordinance is not as confiscatory as the complete and express bar to development contained in the statute involved in Joint Ventures, Inc., it is substantially the same in barring any land use activity that is inconsistent with, or would impede future construction of, the planned roadway. It is difficult to envision any development that would not impede such future construction. The county's contention, while appealing, is essentially a restatement of the dissenting opinion in Joint Ventures, Inc.. We are, of course, bound to follow the majority holding and opinion.
I am particularly convinced by the following language from Joint Ventures, Inc. that its holding applies here:
We perceive no valid distinction between "freezing" property in this fashion and deliberately attempting to depress land values in anticipation of eminent domain proceedings. Such action has been consistently prohibited. (Citations omitted).
We do not question the reasonableness of the state's goal to facilitate the general welfare. Rather we are concerned here with the means by which the legislature attempts to achieve that goal. Here, the means are not consistent with the constitution. We acknowledge that the state may properly attempt to economize the expenditure of public funds. As DOT notes, in Department of Transportation v. Fortune Federal Savings and Loan Association, 532 So.2d 1267 (Fla. 1988), we considered whether the state constitutionally could condemn an entire parcel when it required only a portion of the parcel. There was no constitutional violation when the state, acting pursuant to statute, actually spent less by condemning the entire parcel than it would have spent by condemning only the required portion. In Fortune Federal, the state sought to economize in a legitimate fashion after it had commenced condemnation proceedings through its power of eminent domain. It would be an unwarranted extension of Fortune Federal, to conclude that the state may deliberately restrict land use under its police power before the commencement of condemnation proceedings without the duty of compensation. The state may not use its police power in such a manner. Board of Comm'rs [v. Tallahassee Bank & Trust Co., 108 So.2d 74 (Fla. 1st DCA 1958)]. Accord, Kissinger [v. City of Los Angeles, 161 Cal. App.2d 454, 327 P.2d 10 (1958)]; Robyns [v. City of Dearborn, 341 Mich. 495, 67 N.W.2d 718 (1954)]; Long [v. City of Highland Park, 329 Mich. 146, 45 N.W.2d 10 (1950)] Grand Trunk W.R.R. Co. [v. City of Detroit, 326 Mich. 387, 40 N.W.2d 195 (1949)]; State ex rel. Tingley [v. Gurda, 209 Wis. 63, 243 N.W. 317 (1932)]; Fortune Federal is inapposite in this context.
Id. at 626 (emphasis in original).
While the county has a legitimate interest in planning, including the location and development of roadways, under Joint Ventures, Inc., the county cannot "deliberately restrict land use under its police power before the commencement of condemnation proceedings without the duty of compensation." Planning for the future is one thing. However, prohibiting the beneficial use of property without compensation is another.
*713 I also agree with the certification of our decision to the supreme court as passing upon an issue of great public importance since its consequences are far-reaching and merit close examination by that court.
STONE, Judge, concurring in part and dissenting in part.
I would reverse the trial court's order finding that the county's thoroughfare map is facially unconstitutional. In my judgment, Joint Ventures Inc. v. Department of Transportation, 563 So.2d 622 (Fla. 1990) is not controlling.
The map was adopted incident to comprehensive planning in accordance with section 163.3177(6)(b), Florida Statutes. It designates the corridors within which future roadways are planned.
The thoroughfare map, unlike the statute rejected by the supreme court in Joint Ventures, is a vital link in the long range planning mandated by the Local Government Comprehensive Planning and Land Development Regulation Act[1] and related growth management laws. Although the county's plan does include restrictions on unauthorized development within the corridors, it is, overall, a valid exercise of police power consistent with established public policy. Cf. City of Miami v. Romer, 58 So.2d 849 (Fla. 1952).
The thoroughfare map itself is not a "taking" of all land in its path. There is nothing in this record demonstrating that the map deprives all owners of property within proposed traffic corridors of all economically viable use of their property. At a minimum, without considering the financial impact on specific parcels, affected land is still usable for purposes such as parking, landscaping, ingress and egress, and temporary structures. See generally, Hodel v. Virginia Surface Mining Ass. Inc., 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).
Certainly resort to inverse condemnation and other applicable remedies remains available on a case by case basis. E.g. Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987). In this case such compensation claims by Appellees remain pending in the trial court, to be resolved on the evidence presented as to the individual parcels. See Glisson v. Alachua County, 558 So.2d 1030 (Fla. 1st DCA), rev. denied, 570 So.2d 1304 (Fla. 1990).
I would therefore reverse. I do concur in the certified question.
NOTES
[1] § 163.3161, et seq., Fla. Stat. (1991).