COWART, Judge, Retired,
dissenting.
We should affirm the trial court’s ruling on the motion for summary judgment that, as a matter of law, a temporary taking of the appellee landowner’s property occurred between December 21, 1988, when appellant, Department of Transportation (DOT), a state agency with the power of eminent domain, recorded in the public records of the county in which the landowners land lies, a “map of reservation” [per § 337.-241(2) and (3), Fla.Stat. (1987)] which encompassed some lands owned by appellee, and May 31, 1990, when appellant DOT recorded a withdrawal of the “map of reservation”.
The Florida Supreme Court declared the statutory provisions for filing moratoriums creating “maps of reservations” unconstitutional for the very reason that the result of such action is in the nature of a lis pendens, clouding and rendering title to property unmarketable, taking from the affected landowners without compensation, a valuable attribute, and right, of private property, to-wit: the right, at will, to freely sell and transfer the title to such property.[1]
The landowner’s motion for attorney’s fees should be granted and that matter reserved for the trial court to determine the amount of the reasonable attorney's fees and costs to which the landowner is entitled to reimbursement under section 73.131(2), Florida Statutes, or other authority. See County of Volusia v. Pickens, 435 So.2d 247 (Fla. 5th DCA 1983), rev. denied, 443 So.2d 980 (Fla.1983) and Orlando/Orange County v. W. & F. Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5th DCA 1991), rev. denied, 591 So.2d 183 (Fla.1991).
Neither the trial court ruling nor the appeal in any way involves the amount of compensation to which the appellee landowner may be entitled as a result of the action by the DOT.

. Joint Ventures v. Department of Transportation, 563 So.2d 622 (Fla.1990).