ON MOTION FOR REHEARING
PER CURIAM.
We grant the Department of Transportation’s Motion for Rehearing, withdraw our previous opinion, and substitute the following opinion therefor.
This case originated below as an inverse condemnation proceeding and involves the issue of whether the mere inclusion of ap-pellees’ property within the boundaries of the map of reservation filed by the Department of Transportation pursuant to subsection 337.241(1), Florida Statutes (1987), amounted to a per se taking under the supreme court’s decision in Joint Ventures, Inc. v. Department of Transportation, 563 So.2d 622 (Fla.1990). The trial court granted a partial final summary judgment on that basis in favor of appellees, expressly relying on the Fifth District’s interpretation of Joint Ventures as set forth in Orlando/Orange County Expressway Authority v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5th DCA 1991).
However, very recently, the Fifth District reconsidered Agrigrowth, and in an en banc opinion, expressly receded from its decision therein. See Department of Transportation v. Weisenfeld, 617 So.2d 1071 (Fla. 5th DCA 1993). Upon careful review of that court’s majority and concurring opinions in Weisenfeld, we adopt the view taken by Judge Griffin in her specially concurring opinion. Judge Griffin’s exposition carefully defined “[t]he relationship between the invalidity of land-use regulation that interferes with property rights in violation of due process and land use regulation that effects a 'taking’ ...” Id. at 1080. “[A] regulatory enactment declared unconstitutional as an invalid exercise of police power does not necessarily mean a ‘taking’ of the regulated property has occurred.” Id. Accordingly, “[a] traditional ‘takings’ analysis must still be applied to each affected parcel.” Id.[1]
Because the trial court granted ap-pellees’ motion based on an erroneous interpretation of the law, and because we discern a genuine issue of material fact on the question of whether a taking of appel-lees’ property occurred, the partial final summary judgment entered in favor of ap-pellees is hereby REVERSED, and the cause is REMANDED for further proceedings.
JOANOS, KAHN and MICKLE, JJ., concur.

. In adopting such an approach, we recognize that our opinion herein expressly conflicts with the opinion of the Second District in Tampa-Hillsborough County Expressway Authority v. A.G.W.S. Corp., 608 So.2d 52 (Fla. 2d DCA 1992), review granted, 621 So.2d 433 (Fla.1993).