647 So.2d 308 (1994)
DEPARTMENT OF TRANSPORTATION, State of Florida, Appellant,
v.
Joost P. ZYDERVELD, Trustee, Appellee.
No. 93-428.
District Court of Appeal of Florida, Fifth District.
December 16, 1994.
Thornton J. Williams, Gen. Counsel, and Thomas F. Capshew, Asst. Gen. Counsel, Tallahassee, for appellant.
Jay W. Small of Wilson, Leavitt & Small, P.A., Orlando, and Alan E. DeSerio of Brighham, Moore, Gaylord, Ulmer & Schuster, Tampa, for appellee.
THOMPSON, Judge.
The Department of Transportation ("DOT") appeals the granting of a motion for summary judgment on liability entered in favor of Joost P. Zyderveld, Trustee ("Zyderveld"). DOT also appeals the entry of a final judgment from an inverse condemnation award made to Zyderveld. We reverse.
The DOT filed and recorded a map of reservation for the planned realignment of State Road 434 in Seminole County. The map of reservation encompassed 3.637 acres of 23.363 acres of land owned by Zyderveld. This map of reservation was later withdrawn *309 by DOT after the Florida Supreme Court declared that maps of reservation filed pursuant to section 337.241(2) and (3) were an unconstitutional taking without compensation. See Joint Ventures, Inc. v. Department of Transp., 563 So.2d 622 (Fla. 1990). The trial court, relying upon the Florida Supreme Court's decision in Joint Ventures, entered an order granting the motion for summary judgment, finding that Zyderveld suffered a temporary taking. The order also provided that a jury trial would be scheduled "to determine the amount of full compensation to be paid by the Defendant [DOT] to Plaintiff, Joost P. Zyderveld, Trustee, for the temporary taking of the property rights described herein." The matter proceeded to trial on the issue of damages and the jury returned a total verdict of $445,000.00. Of that amount, $375,000.00 was for the temporary taking and $70,000.00 was for severance damages.
During the trial, the trial judge allowed Zyderveld's experts to testify to compensation based upon a temporary taking of the entire property. This testimony was strenuously objected to by DOT's attorneys who asked for a mistrial because there was no temporary taking of the entire parcel. The trial judge denied the motion. During DOT's presentation, the trial judge did not allow DOT to present testimony that only a portion of Zyderveld's property was temporarily taken and that Zyderveld suffered minimal damages since the damages only amounted to less than two percent of the value of the property and the property could still have been developed. DOT's expert proffered testimony, however, that only 3.637 acres, of the 23.363 acre parcel, were affected by the map of reservation and that was not a substantial portion of the property.
In order to recover compensation, Zyderveld had to establish that DOT's interference deprived him of all or substantial economic use of his property. Department of Transp. v. Weisenfeld, 617 So.2d 1071 (Fla. 5th DCA 1993), approved, 640 So.2d 73 (Fla. 1994); Joint Ventures, 563 So.2d at 625. In determining the amount of compensation, the inquiry at the trial level should have been "the extent of the interference or deprivation of economic use" by DOT. Id. Zyderveld was allowed to present expert testimony to show the impact upon his property. DOT was not allowed to present expert testimony to refute Zyderveld's experts. Although the trial judge based his decision to exclude DOT's experts upon the existing case law at the time, his decision effectively prevented the jury from hearing DOT's expert testify that Zyderveld suffered no substantial economic deprivation of his property and, therefore, should receive minimal compensation. The mere fact the map of reservation was filed does not automatically mean there was a compensable taking. The burden was upon Zyderveld to establish his damages and his compensation. See Tampa-Hillsborough County Expressway Auth. v. A.G.W.S., Corp., 640 So.2d 54 (Fla. 1994).
Finally, the trial judge allowed Zyderveld's expert to testify as to severance damages even though the expert said there was a temporary taking of the entire parcel.[1] Severance damages can only be claimed where there is a partial taking. Mulkey v. Division of Admin., 448 So.2d 1062, 1065 (Fla. 2d DCA 1984). This testimony contradicts the expert's own opinion that there was a temporary taking of the entire property or there could have been a temporary taking of the entire property.
Because of these errors, there is no method by which this court can determine if $445,000, $375,000 for the temporary taking and $70,000 for severance damages, is the correct amount of compensation or if compensation was required at all.
We reverse the summary judgment rendered by the trial court based upon the Florida Supreme Court's approval of this court's decision in Weisenfeld, 617 So.2d 1071 (which receded from this court's previous holding in Orlando/Orange County Expressway Auth. v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790, 792 (Fla. 5th DCA 1991), *310 review denied, 591 So.2d 183 (Fla. 1991), that the recording of a map of reservation pursuant to section 337.241 constituted a per se taking of property without just compensation and inverse condemnation would lie. We quash the judgment and remand to the trial court for a trial on the issue of DOT's taking of the property and just compensation to be awarded to Zyderveld. During the proceedings, Zyderveld can offer evidence to show that the map of reservation did affect his property to the extent that some form of taking did occur. A.G.W.S., Corp., 640 So.2d 54. DOT should be allowed an opportunity to present expert testimony on whether Zyderveld suffered any substantial economic damages and the amount of compensation he is due.
REVERSED and REMANDED with directions.
DIAMANTIS, J., concurs in result only.
GOSHORN, J., concurs specially, with opinion.
GOSHORN, Judge, concurring specially.
Zyderveld purchased approximately 23.5 acres located at the southwest corner of Alafaya Trail and Red Bug Lake Road in Oviedo, Seminole County, Florida. The property was purchased for $1,485,000 and was to be developed into a commercial shopping center. Zyderveld took substantial steps toward developing the property. By August of 1986, Zyderveld had the property annexed into the City of Oviedo and rezoned from agricultural to commercial, C-2. In March of 1987, Zyderveld received conceptual site approval from Oviedo to develop a 115,000 square foot shopping center and on February 1, 1988, Oviedo approved the preliminary engineering plans and plats submitted by Zyderveld.
In September of 1988, DOT recorded a map of reservation proposing to realign S.R. 434, which cut the property into three separate pieces. In December of 1988, Zyderveld requested that Oviedo extend its approved preliminary engineering plan and plat. In January of 1989, the Oviedo City Council denied the request because of the map of reservation. Although Zyderveld attempted to market the property to several potential developers and anchor tenants, interest in the property waned because of the uncertainty associated with the map of reservation. The map was withdrawn on June 1, 1990, after the Florida Supreme Court declared subsections 337.241(2) and (3) of the Florida Statutes unconstitutional. See Joint Ventures, Inc. v. Department of Transp., 563 So.2d 622 (Fla. 1990).
In May of 1991, Zyderveld filed an inverse condemnation action in the Seminole County Circuit Court seeking compensation for the unlawful temporary taking of his property caused by the recording of the map of reservation. At the summary judgment hearing, Zyderveld argued that he was entitled to summary judgment on liability based on Joint Ventures, supra, and Orlando/Orange County Expressway Authority v. W & F Agrigrowth-Fernfield, Ltd., 582 So.2d 790 (Fla. 5th DCA), review denied, 591 So.2d 183 (Fla. 1991). In August of 1991, the circuit court entered summary judgment, finding that DOT took a portion of the property for the period of time it was encumbered by the map of reservation. A jury trial was held to determine the amount of compensation to be paid by DOT to Zyderveld for the temporary taking of his property rights. The jury returned a total verdict of $445,000.
Subsequently, in Department of Transportation v. Weisenfeld, 617 So.2d 1071 (Fla. 5th DCA 1993), approved, 640 So.2d 73 (Fla. 1994), this court receded from its holding in Agrigrowth. Ordinarily, under our holding in Weisenfeld, we would reverse the lower court and remand for a trial to determine if there was a taking, and if so, the amount of damages occasioned by that taking. However, in this case, that trial has already been held. The evidence presented at the jury trial on the damage question proved that a temporary taking had occurred. The jury agreed to the tune of $445,000.
If the only issue was whether a taking had been established, I would affirm the trial court because the award of damages proved ipso facto that a taking had occurred. However, as Judge Thompson correctly points out, severance damages are awardable only where there is a partial taking, not where there is a taking of the entire parcel, albeit *311 temporary. Because of the contradictory and confusing testimony by Zyderveld's expert on this matter, I too am unable to determine if the jury award is the proper amount of compensation due. Both DOT and Zyderveld are entitled to a new trial, and I therefore concur in the result reached by the majority.
NOTES
[1] The final judgment reads in part

"[DOT], shall pay the sum of $375,000.00 for the temporary taking of his entire property from September 29, 1988 until June 1, 1990, and severance damages in the amount of $70,000.00, all in accordance with the verdict ..." (emphasis added).